WASHINGTON COUNTY,

MARCH TERM, 1836.

PRESENT, HON. STEPHEN ROYCE,
"    SAMUEL S. PHELPS,    } *Assistant Justices.*
"    ISAAC F. REDFIELD,

WASHINGTON,
*March,*
1836.

JACOB PUTNAM *vs.* NEHEMIAH DUTTON.

In actions of book account, coming into this court by exceptions, no questions can bo revised except questions of law arising either upon the facts reported by the auditor, or else found by the court, and placed upon the record.

It need not appear of record that the auditor was sworn. That will bo presumed, unless the contrary appear.

If the auditor proceeds without evidence to find facts, or if upon incompetent evidence or against all evidence he find facts, this should bo shown by the report or by evidence addressed to the county court, if the auditor refuse to report, and in that case the report cannot be accepted.

This was an action of book account. The auditor made his report, to which exceptions were made in the county court, which were overruled ;—whereupon, the defendant excepted.

The questions will sufficiently appear from the exceptions and the opinion of the court.

*Auditor's Report.*—In pursuance of my appointment as auditor, I notified the parties to meet at the Inn of Horace Bliss, of Marshfield, on the 18th day of February, 1835, for the purpose of adjusting their accounts,—at which time and place I attended, and also said parties with their attornies, and went to trial ; and after a careful examination of the proofs and allegations, both of the plaintiff and defendant, it is directed by me, that said Nehemiah Dutton shall pay said Jacob Putnam the sum of nineteen dollars thirty-one cents damages, and his cost of reference.

NATH'L C. KING, *Auditor.*

The facts I find as follow :—The account was a charge by plaintiff, dated September 26th, 1826—" N. Dutton, to J. Putnam Dr. to 4350 brick, $17 40. In the summer of 1826, Wm. Gordon, a boy 16 or 17 years old, making it his home at Dutton's, and son

WASHINGTON,
March,
1836.

Putnam
vs.
Dutton.

to Dutton's wife, called on Putnam, and engaged some brick of him for Dutton, and said Dutton would send a note for them when he sent for the brick. 4350 brick were counted out and placed by themselves in presence of the boy. When the boy returned, he informed Dutton he had engaged 4 1-2 thousand of brick for him at Marshfield, of Putnam, (say at $3 a thousand.) Dutton then said, "I shall not look any further, for it is a dollar cheaper than I can buy elsewhere." Dutton sent for the brick, but did not send his note. Four years ago, Dutton promised to pay for the brick, after saying he expected Gordon had, or *would* pay for them.— Three years ago last fall, Dutton promised to pay for the brick when he got able. His ability to pay was offered by the plaintiff to be proved; but was not allowed, being thought unnecessary.

It was contended, on the part of the defendant, that the brick were purchased by Gordon, the boy, on his own account; and the promise made three or four years since to pay for the same, not being in writing, was within the statute of frauds, and void; and also the account was barred by the statute of limitation: but it was directed by me, that from the facts found, it was not within the statute of frauds; and that the promise made three or four years since, took the account out of the statute of limitation.

NATH'L C. KING, *Auditor.*

To this report, the following exceptions were made by defendant:

1st—That parol-proof was admitted to show that the auditor had been sworn.

2d—Auditor's report is without form, &c.

3d—It does not appear from the report that defendant was ever indebted to plaintiff on book in any sum whatever; or that defendant ever had any brick of plaintiff.

4th—It does not appear that the boy made it his home at Dutton's, or was son to Dutton's wife.

5th—The auditor does not set forth, in his report, that he has audited the accounts between the plaintiff and defendant up to the time of auditing, or that he has audited any account whatever between the plaintiff and defendant, or that he has found any sum due to the plaintiff from the defendant to balance book accounts between them.

6th—The auditor has furnished no schedule of items allowed or disallowed, or at what price, &c. he fixed for brick; but he has allowed $3 50, when the price was $3 00.

7th—The counsel for defendant requested auditor to state several important facts; or, to state the evidence given in on the trial; but auditor refused, &c.

WASHINGTON,
March,
1836.

Putnam
vs.
Dutton.

*Mr. Merrill for plaintiff.*—The statute requires that the auditor shall be sworn; but does not require that this fact should be stated in the auditor's report. It may as well be proved by parol proof as any other way. Indeed this, or the certificate of the magistrate, is the only legitimate proof; for there is no statute making the certificate of the auditor proof of the fact. But it is believed this question has been too often decided to be questioned now.

*Second, Third* and *Fifth Exceptions.*—These seem to relate altogether to the form of the auditor's report. As no particular form is required, it is sufficient in this respect. The report states that the auditor notified rhe parties to meet him—the *time* and *place where,*—that the parties *then* and *there* met him with their attornies *"for the purpose of adjusting their accounts,"*—that after hearing them, he finds defendant shall pay, &c. This is amply sufficient as to *form.*

*Fourth.*—The fourth exception is not true in point of *fact*; for it is stated in the report that the boy made it his home at plaintiff's. But were it otherwise, it would be perfectly immaterial, unless it can be shown that it is necessary that that fact should appear for the purpose of raising some question of law This was only one among other *conclusive* facts to establish the original indebtedness of defendant.

*Sixth.*—This exception is not true in point of fact. The auditor has given a schedule of all the account exhibited to him: there was but one item, and that on the part of the plaintiff: and it sufficiently appears that that was allowed with interest; and that the sum of $3 per thousand was allowed for the brick.

*Seventh.*—If defendant could show that he requested the auditor to state any additional facts, which should be necessary fairly to present any question of law to this court, soimeimportance would attach to this exception. But this is not the case. The only questions raised in the case were,

1st. Was the original credit given to defendant, or was he the original debtor? This is a question of fact which the auditor decides in the affirmative: And

2dly. Was the account barred by the statute of limitations? The auditor found two separate, distinct promises to pay the debt.— These took the account out of the statute, of course. And after the auditor had found the fact that defendant was the original debtor, the statute of frauds could not affect the case.

It is not even hinted in the affidavit that there were additional facts which the auditor was requested to state.

*Mr. J. Bell for defendant.*—1. The defendant contends that from the facts found by the auditor in this case, the action on book cannot be sustained, there being no evidence that the articles charged were ever delivered to the defendant or his order.

Washington,
March,
1836.

Putnam
vs.
Dutton.

2. It does not appear from the record or the report, that the auditor was sworn.—Stat. p. 141.

The opinion of the court was delivered by

REDFIELD, J.—It is first objected that the report does not show any sale of the brick charged by plaintiff. But on examining the report, it does appear that a sale and delivery of the brick was made by plaintiff to a lad living with defendant, claiming to act as his agent, and that defendant ascquiesced in the contract, and took and used them. It was agreed that defendant should execute his note for the price at the time of delivery ; but he omitting to do that, the plaintiff might well charge them on book.

As the right of action accrued more than six years before the commencement of the suit, it is insisted the action is barred by the statute of limitations. But the auditor finds a new promise in express terms, and within three years. This, or indeed a new item of credit, is sufficient to remove the operation of the statute of limitations. ·

It seems that in the court below, it was attempted to show that these facts were found by the auditor upon very unsatisfactory testimony. But unless the county court found the fact that the auditor proceeded to state facts upon incompetent evidence, or without evidence, and still accepted the report, it is not the subject of error.

If any question is to be made as to the competency of testimony, the auditor must be requested to report the facts necessary to raise the question : if he refuse, the county court will hear affidavits. But this court can never review their decision except as to questions of law arising on the report and bill of exceptions. The same is true of the refusal of the auditor to grant a continuance on motion of defendant. This was a matter of discretion with the auditor, and unless he was guilty of such abuse as to amount to corruption, his decision cannot be revised ; and in that case, the revision must be in the county court.

The only remaining exception of any importance is, that the auditor does not appear by the report to have been sworn. It is true that the statute requires the auditor should be sworn ; and if he proceeds without being sworn, and this is made to appear in the prop-

WASHINGTON,
*March,*
1836.
Putnam
*vs.*
Dutton.

er mode, the report could not be accepted. But this should be made to appear by proper evidence adduced before the court below. It is not required that the auditor should report the fact of his being sworn, nor is this properly within his province. The oath is administered out of court, by another officer, and is strictly a matter *in pais*, and not expected to appear of record. If it appear, it should be by the certificate of the officer administering the oath. But we think it may well be presumed under the general inference of *omnia rite acta*, as we presume the clerk of our court and the sheriff and his officers have been sworn. At any rate, as the county court expressly find the fact that the auditor was sworn, it cannot be assigned for error that the fact is not stated in the report.

The result is, that                    Judgment is affirmed.