JOHN CLARK *v*. JAMES WHIPPLE ET AL.

*(Practice.)*

THIS was an action of book account, which was referred to an auditor, in the county court, and came to this court upon exceptions to the decision of the county court, accepting the report of the auditor.

The counsel for the defendant moved this court to recommit the report of the auditor for a fuller statement of facts.

By the court:—In cases coming into this court, upon exceptions, the court sits merely as a court of error. We could not recommit this case unless we first reversed the judgment of the county court, and this we cannot do unless for error therein, and this we must determine from the record as it comes up to us.

The motion was overruled and the judgment of the county court was affirmed.

Note, by REDFIELD, J.—In the case of *Woodbridge* v. *The proprietors of Addison*, 6 Vt. R. 204, the judgment of the county court was reversed, and the case recommitted to the auditor, with written instructions to report more fully upon certain points specified. In a case which came before this court in Caledonia county, March term, 1835, it being made to appear that an important fact had been omitted by

WINDSOR,
February,
1839.

Clark
v.
Whipple et al

the auditor, the court suggested to the counsel a willingness to recommit the case, unless that fact could be agreed upon, which was done. But these, it is apprehended, were considered extreme cases, and, in practice, have not been much followed. The usual course, of late, has been for the county court to recommit the report, with instructions, where there was any embarrassing uncertainty in the statement of the material facts ; and, within the last few years, applications to this court to recommit reports of auditors have been repeatedly denied. The decision, in the present case, is believed to be in conformity with the settled practice of this court.