Thomas McDaniels, *Appellant, v. Administrator of* James McDaniels.

*Reference and Referees.*

An appeal having been taken from the disallowance of a claim against an estate, and the cause having been referred under a general rule of reference, but with a stipulation in writing afterwards made that the referees might adjust a class of claims named, which embraced the claim in dispute in this case ; it was *held,* that the referees had authority to adjust the same, though it accrued after the death of the intestate, if properly existing between the parties to the suit.

If a referee is not requested to state in his report the items allowed and disallowed, objection cannot be taken if they are not so stated.

THIS was an appeal from the judgment of the probate court, upon the report of the commissioners, upon the estate of James McDaniels. The case was, by consent of parties, referred, and was, at the September Term, Rutland county, 1866, STEELE, J., presiding, heard upon general exceptions to the report of the referees. The court rendered judgment for the plaintiff upon the report. Exceptions by defendant.

The plaintiff presented his claim against the estate of James Mc-Daniels to the commissioners, amounting, as stated, to $650,000. This claim being disallowed, he appealed, and in the county court filed his declaration, claiming against the estate as a balance of book accounts $100,000, and under the common counts in assumpsit $300,000.

The cause was referred under a general rule of reference, and report made of a balance due from the estate of James McDaniels to the plaintiff of $12,598.36.

The referees reported as follows :

" We find that there is due from the estate of the said James Mc-Daniels to the plaintiff as claimant, as the balance of their respective claims, the sum of twelve thousand five hundred and ninety-eight and thirty-six one-hundredths dollars, including interest to October 1st, A. D. 1864, ($12,598.36.)

And we find for the plaintiff to recover of the defendant the said sum of twelve thousand five hundred ninety-eight and thirty-six one-

hundredths dollars, as damages, and his costs, taxed and allowed by us at eight hundred and two and twelve one-hundredth dollars.

We find that the three notes of O. & S. Wheeler, which are charged in the defendant's specification, at five thousand dollars ($5,000,) belong to the estate of the said James McDaniels, and by the consent and agreement of the said parties, we have caused them to be delivered to Isaac McDaniels, the administrator.

The interest which has been received by the plaintiff and endorsed on said notes has been adjusted by us in arriving at the foregoing balance. The specifications, exhibits and stipulations of the parties are hereto attached."

STIPULATION. " It is stipulated that on the hearing of the above entitled cause before the referees, the claims of said administrator against Thomas McDaniels for money paid Thomas McDaniels by the Niles, by Anson Wood, by Olive and Samuel C. Wheeler, and by E. D. Fillmore, and all claims of said Thomas McDaniels against said administrator for money paid for the benefit of said estate, whether said claims accrued before or after the decease of the said James McDaniels, the claims on the part of said Thomas to be confined to those named in his specification, may be heard and tried, and determined on the hearing before said referees."

Other facts appear in the opinion.

*Prout, Dunton & Peabody* and *Daniel Roberts,* for the defendant.

The referees exceeded their powers under the rule.

1. In adjusting claims under the stipulation annexed to the report.

2. In adjusting claims that accrued subsequent to the death of James McDaniels.

This renders their entire proceeding as a *judicial* one, nugatory and void. *Woodbury* v. *Proctor,* 9 Gray, 18 ; *Thrasher* v. *Haynes,* 2 N. H. 429 ; *Lazell* v. *Houghton,* 32 Vt. 583 ; *Eaton* v. *Arnold,* 9 Mass. 491 ; *Shearer* v. *Mooers,* 19 Pick. 308 ; *Brown* v. *Evans,* 6 Allen, 333 ; *Waterman* v. *C. & P. R. R. R. Co.,* 30 Vt. 610.

A submission of all demands does not embrace demands which arise after the date of the submission. *Thrasher* v. *Haynes,* 2 N. H. 429.

*G. W. Harman,* for the appellant.

Referees are not confined to the particular issue formed in the case; but may hear and determine any matters which could have been brought into the cause by any conceivable amendment, even to the changing the form of action. *Davis* v. *Campbell,* 23 Vt. 236; *Hicks* v. *Cottrill,* 25 Vt. 80; *Spaulding* v. *Warren,* 25 Vt. 316; *Briggs* v. *Oaks,* 26 Vt. 138; *Briggs* v. *Bennett,* 26 Vt. 146; *Sumner* v. *Brown,* 34 Vt. 194.

When a case has been referred under a general rule of reference, no questions of law are before the court, except such as are saved by the referees, even though the referees may have stated the grounds of their decision, but without saying that they intended to decide according to law. *Downer* v. *Downer,* 11 Vt. 395; *Cutting* v. *Stone,* 23 Vt. 571; *Spear* v. *Stacy,* 26 Vt. 61.

Reports of referees are not to be set aside for every circumstantial error, but only where they adopt a rule of action, and misapply it; and, in this respect, it is immaterial whether it be a rule of law, of equity, or of arithmetic. *Hazeltine* v. *Smith,* 3 Vt. 535; *Stevens* v. *Pearson,* 5 Vt. 503; *Bliss* v. *Rollins,* 6 Vt. 529; *Learned* v. *Bellows,* 8 Vt. 79; *Steen* v. *Wardsworth,* 17 Vt. 297; *White* v. *White,* 21 Vt. 250.

The opinion of the court was delivered by

WILSON, J.   This is an appeal from the judgment of the probate court upon the report of the commissioners on the estate of James McDaniels.   It appears that the plaintiff filed in the county court his declaration claiming against the estate a balance on book accounts, and also claiming under the common counts in assumpsit.   The cause was, by consent of the parties, referred under a general rule of reference, and was heard in the county court upon general exceptions to the report of the referees.   The exceptions to the report upon which the case was heard and decided by the county court, are as follows : " and now the defendant comes and excepts to the report of the referees in the above entitled cause, for reasons apparent in said report."   It is objected by the plaintiff that several of the questions which have been raised in the argument by the defendant's counsel

are not properly before this court for revision, because it does not appear that they were raised and decided by the referees, or by the county court. It is well settled that where the action comes into the supreme court by exceptions, no questions can be revised, except questions of law, arising either upon the facts reported by the auditor or referee, or found and placed upon the record by the court. *Putnam* v. *Dutton*, 8 Vt. 396 ; *Clark* v. *Whipple*, 12 Vt. 483. The fact that questions were raised in the county court is not sufficient to bring those questions regularly before this court for revision, unless the facts upon which the exceptions rest be found and placed upon the record. *Vilas* v. *Downer*, 21 Vt. 419. It appears that the parties, after the cause was referred, stipulated in writing, that on the hearing of the cause before the referees the claims of the administrator against the plaintiff for money paid to the plaintiff by the persons named in the stipulation, and all claims of the plaintiff mentioned in his specification against the administrator for money paid for the benefit of the estate, whether the claims accrued before or after the decease of James McDaniels, might be heard and determined by the referees. It is urged by the defendant's counsel that the referees had no authority, under the rule, to consider any claim which arose after the death of McDaniels. No question is made but that the plaintiff's declaration is broad enough to embrace all claims and causes of action existing between parties which could be tried by the county court upon appeal from the decision of the commissioners. The case of *Harwood* v. *Boardman*, 38 Vt., was an appeal by award from the decree of the probate court allowing the guardian's account. In that case the cause was, by consent of the parties, referred by the county court. It appeared that a portion of the guardian's account accrued after the cause was referred, but the court held that the referee should have adjusted all charges due and payable at the time of the trial, notwithstanding a portion of the account accrued after the cause was referred. This has long been the practice in this state in the action on book account. The mere fact that an item of account accrued after the death of McDaniels, would not show a want of authority in the referees to consider such item, and if they found it was a claim properly between the parties

to the suit, and that it accrued under circumstances which required them to adjust it, they would unquestionably have the right to do so. As to the claims against the estate, it does not appear that the parties agreed the referees might consider any claim which had not been presented to the commissioners and passed upon by them, nor does it appear that the parties agreed the referees might consider or adjust any claim in favor of the plaintiff which, upon the evidence, would not be a proper subject for adjudication before the commissioners and by the county court in this action if the cause had not been referred. As to the plaintiff's claims, the stipulation provides merely that all claims of the plaintiff against the administrator for money paid for the benefit of the estate, whether paid before or after the decease of James McDaniels, might be adjusted by the referees. It will be seen that the stipulation limits the action of the referees to such payments as were made for the benefit of the estate. We find in the plaintiff's specification, under date of August 13th, 1859, a charge against the estate of $18. for taxes ; under date of September 10th, 1859, an item against the estate of $134.80 for taxes, and under date of 1860, an item of $25.00 cash, but it does not appear whether these transactions occurred before or after the decease of McDaniels. The property of the estate was unquestionably liable for the payment of the taxes in full before the payment of the ordinary debts against the estate. The report does not show when the taxes were assessed, it does not show the situation of the estate, nor the circumstances under which the plaintiff paid them, if he ever made such payment, and whether these items were within the rule does not appear ; hence it is not necessary in deciding the case, to suppose a state of facts which would justify the referees in allowing these items, notwithstanding they accrued after the decease of McDaniels, because the report does not show that any claim in favor of the plaintiff which accrued after the death of James, was adjusted by the referees. The stipulation provided that the referees might adjust the claim of the administrator against the plaintiff for money paid to the plaintiff by Oliver and Samuel C. Wheeler, and the report shows the referees did allow to the estate the interest which had been received by the plaintiff on the notes referred to. But the report does not

show whether the notes came into the hands of the plaintiff before or after the death of James McDaniels; nor does it show the circumstances under which the plaintiff received the notes; nor the purpose for which he received them; nor the time, with reference to the death of McDaniels, the plaintiff received the interest, consequently we can not say it was not a legitimate offset to the plaintiff's claims against the estate, even without any agreement of the parties. It is urged by the defendant's counsel that the allowance of claims, which accrued subsequent to the death of McDaniels, might absorb his estate, to the loss of the other creditors and heirs. No question is made that the plaintiff's claims, against which the interest was allowed, were claims which the estate was liable to pay, and it is true that the amount which the plaintiff, without the application of the interest, would be entitled to recover, is diminished to the exten t of the interest, and judgment against the estate is for the balance only. The other creditors could not complain, unless the estate should turn out insolvent, and as to the solvency of the estate it is not even pretended by the defendant that the estate is not sufficient to pay all just debts against it. As to the heirs, they can have no just ground of complaint, because, before any decree of distribution of the estate can be made among the heirs, all just claims against the estate must be paid in full. It is not apparent how they could be prejudiced by the mode of payment; or, in different language, it can make no difference with the heirs whether a claim in favor of the estate be collected by the administrator of a creditor of the estate, and then paid back to such creditor on a claim he holds against the estate, or be offset to such claim, and the balance be paid to him in money. It is claimed by the defendant that the referees exceeded their authority in making an award for the return of the Wheeler notes. This objection, we think, is not supported by the facts reported by the referees. The referees say: "we find that the three notes of O. and S. Wheeler, which are charged in the defendant's specification at $5,000., belong to the estate of James McDaniels." The referees then add, "and by the consent and agreement of the parties, we have caused them (the notes) to be delivered to the administrator of James McDaniels." Whether the notes were the property of the

plaintiff or the estate, was a question for the referees to decide, and they found the notes were the property of the estate. It appears the parties were satisfied with the decision in respect to the ownership of the notes, and it was the duty of the plaintiff to deliver them, and he did deliver them to the administrator. What the referees say they said or did about the delivery of the notes, is of no more importance than if they had said they advised the parties in respect to the delivery of the notes. It clearly appears from the report that the notes were delivered in pursuance of the agreement of the parties, and not by order of the referees. It is urged by the defendant that in a reference of this character, as in a report of an auditor, the items allowed, and those disallowed, should be stated in the report. This would not be required of a referee unless some question was raised before him in respect to items allowed or disallowed, of which the party desired to avail himself on the hearing upon the report. But the defendant can not avail himself of this objection, because it does not appear that he requested the referees to state in their report the items allowed or those disallowed, and it not appearing that the defendant requested the county court to recommit the report for amendment in the particular mentioned, we conclude he did not consider it important for the interest of the estate that any such amendment should be made.

We find no error in the proceedings of the county court, and their judgment is affirmed.