TOWN OF SOMERSET *v.* TOWN OF GLASTENBURY.

*Town Lines. R. L. Ch.* 131, *Report of Committee. Evidence.*

1. Where a petition under R. L. Ch. 131, alleges the taking on the part of the petitioner of the necessary preliminary steps, the appointment of a committee is an adjudication that such steps have been taken, and that question cannot be raised upon the coming in of the report.

2. The report need not contain any statement that such preliminary steps have been taken.

3. Neither need it show that the committee have been sworn.

4. Where the committee report that they have not considered certain evidence in coming to their conclusions, the reception of that evidence, although inadmissible, will not be a ground for refusing to accept their report.

This was a petition under Chapter 131 of the Revised Laws brought by the town of Somerset against the town of Glastenbury for the establishment of the town line. The petition was entered at the February Term of the Windham County Supreme Court, 1884, and a committee was appointed, who made their report at the February Term, 1887. To this report the petitionee filed exceptions, the nature of which sufficiently appears in the opinion.

*J. K. Batchelder*, for the petitionee.

1. The court had no jurisdiction of the subject matter of this petition until after the selectmen of the two towns had met and attempted to agree upon the location of this line. The report should show this fact. *Crawford* v. *Rullen*, 52 Vt. 412 ; *Burgess* v. *Georgia*, 11 Vt. 134 ; *Hews* v. *Andover*, 16 Vt. 510, 511 ; *Howe* v. *Jamaica*, 19 Vt. 607.

2. The duty of the committee is to establish the true line, that is the line as originally located. The report should show that they have done so. From anything appearing in this report they may have established this line not where it was, but where they think it ought to be.

(29)

3. The evidence admitted was inadmissible, and the fact that the committee did not consider it in making their report does not cure this error. *Sterling* v. *Sterling*, 45 Vt. 80 ; *Wood* v. *Willard*, 36 Vt. 82 ; *Hodge* v. *Bennington*, 41 Vt. 450 ; *State* v. *Meeker*, 54 Vt. 112 ; *Conn. & Pass. R. R. Co.* v. *Baxter*, 32 Vt. 85 ; *Ry. Co.* v. *Levy*, 46 Am. Rep. 269.

*S. T. Davenport*, for the petitioner.

It need not appear in the report that the committee was sworn. *Putnam* v. *Dunton*, 8 Vt. 396 ; *Panton Turnpike Co.* v. *Bishop*, 11 Vt. 198 ; *Reed* v. *Talford*, 10 Vt. 568.

It is not claimed that the committee was not in fact sworn.

The petition alleges that all the necessary preliminary steps were taken before bringing the petition. The granting of the prayer of the petition, and the appointment of a committee was an adjudication that the facts alleged in it were true. 1 Greenl. Ev. s. 27.

The opinion of the court was delivered by

ROYCE, Ch. J. This petition was brought to this court at the February Term for Windham County, 1884, praying for the appointment of a committee to establish the divisional line between the town parties under R. L. ss. 2755 and 2756.

The petition sets forth the taking of all the necessary preliminary steps on the part of the petitioner, in accordance with the provisions of said sections, that the divisional line is in controversy, that the petitioner's selectmen have been instructed by a vote in town meeting to cause said divisional line to be located ; that they have given ten days notice in writing to the selectmen of Glastenbury requesting them to meet them at the time and place therein named to agree upon said divisional line; that pursuant to said notice their selectmen have met the selectmen of Glastenbury, but that said divisional line has not thus been agreed upon ; whereupon they bring their petition. The prayer of the petition was granted by the appointment of such a committee, who attended to all the duties of their appointment, and made their report to this court at the February Term, 1887.

That report should be accepted unless cause is shown to the contrary. R. L. s. 2757.

It is now urged as one of the grounds of objection to the acceptance of this report, that it does not appear therein that the petitioner has taken the necessary preliminary steps prescribed by the statutes and which the petition alleges to have been taken. But the very appointment of the committee, which was a granting of the prayer of the petition, was a final adjudication upon all the facts therein alleged and which were necessary to be established in order to entitle the petitioner to the relief prayed for. If any of these facts were in dispute, manifestly issue should have been joined on them at the preliminary hearing. It would now be conclusively presumed that all the allegations of the petitioner were either admitted or proved, so that the court acquired jurisdiction. The rule is that "in cases of courts of general jurisdiction, the intendment of law will be that they have jurisdiction until the contrary appear." *Barrett v. Crane et al.*, 16 Vt. 254.

It would seem to be not only superfluous but improper for the committee to embody the recital of such facts in their report, as not being within their own personal knowledge nor upon which they are required to report, and of which their very appointment, as above indicated, is sufficient evidence.

The duties of the committee are defined by s. 2757. They are to be sworn, and after giving twenty days notice of the time and place of hearing to the selectmen of the several towns, and posting such notice in two public places in each town, are to hear all parties interested, and establish such line, and make report to the next term of the Supreme Court. The case shows all these duties to have been performed, except that it does not appear by the report that the committee were sworn, and this is urged as one of the reasons why the report should not be accepted. It is not claimed that they were not sworn as matter of fact, but only that the report should show that they were. In *Putnam* v. *Sutton*, 8 Vt. 396, this court decided in the case of an auditor, that the fact of his having been sworn need not appear in the report, and it was even said that this would not be

Somerset *v.* Glastenbury.

the proper form of proof, if that fact required to be established, but that it should be shown by the certificate of the officer who administered the oath. This doctrine was re-affirmed in *Reed v. Talford*, 10 Vt. 568, and in *Panton Turnpike Co.* v. *Bishop*, 11 Vt. 198, the same rule was applied to the case of turnpike inspectors, and was declared to be of general applicability. It is simply an application of that maxim of common law, *omnia præsumuntur rite solenniter esse acta donec probitur in contrarium*. No good reason could be given why it should not be extended to the case of a committee for establishing the divisional line of towns the same as to auditors or turnpike inspectors.

The committee have clearly performed the duty imposed upon them by statute in fixing and establishing the line in dispute. They have heard both parties, their counsel and witnesses, and as a result of such hearing and their own personal examination of the premises have made up their minds as to the true location of the line, and so establish it. This is just what the law contemplates, and it is hard to see how they could have followed more precisely both its letter and its spirit.

There was admitted at the hearing against the objection of the petitionee the testimony of two witnesses as to the declarations of persons deceased relating to a certain tradition concerning the location of the line in dispute; certain maps and histories were also admitted for the same purpose. But the committee expressly state in their report that they "examined the lines as claimed by both towns, and arrived at the conclusion as before stated, and have established the line as stated in our report, entirely upon evidence other than the evidence objected to as above set forth. And the evidence so admitted subject to objection was not considered by us in arriving at our decision."

This assurance renders it unnecessary for us to consider the question of the admissibility of this evidence.

*The judgment is that the report be accepted, the line reported by the committee as the divisional line between the towns established as such divisional line, and the petitioner to recover its costs.*