TOWN OF UNDERHILL *v.* TOWN OF JERICHO.

January Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ., and GRAHAM, Supr. J.

Opinion filed January 14, 1930.

*Guy M. Page* for petitioner.

*Allen Martin* for petitionee.

MOULTON, J. This is a motion for judgment upon the report of commissioners, appointed by this Court upon a petition brought under the provisions of G. L. 4067 to locate the division line between the towns of Underhill and Jericho to allow costs against the latter town, including the cost of surveying the line as reported by the commissioners; and to make an order apportioning the expense of marking the line so reported. The prior proceedings in this Court are reported in 101 Vt. 41, 140 Atl. 156.

No objection whatever is made to the entry of judgment on the report. The only controversy is as to the apportionment of costs and expenses.

G. L. 4074 provides that when a judgment is rendered in such a proceeding as this, the Supreme Court may allow costs against either town or apportion. the same among the towns as seems just, and shall make an order apportioning between the towns the expense of marking the division line.

 The report of the commissioners was adverse to the claim of the defendant town, and certain lands formerly regarded as a part of that town and taxed by it were found to be within the charter limits of the petitioner. It is argued that the same practice should apply in cases of this kind as in proceedings in equity, in which the general rule, in the nature of a principle, is that the prevailing party shall prevail as to costs as well as to the subject-matter of the suit, and that this rule is to be enforced unless the case discloses a reason why it should not be done and that the discretion of the Court is called into exercise only when the case discloses a show of reason, more or less strong, why costs should not be so given. *Doty* v. *Village of Johnson,* 84 Vt. 15, 23, 24, 77 Atl. 866. It is further urged that the expense of this proceeding was made necessary by the refusal of the defendant town to agree that a survey made by a civil engineer employed by the parties jointly, which located that part of the division line that was in dispute substantially as it was later established by the commissioners appointed by this Court, should be accepted and adopted as the true line; or to agree to the acceptance and adoption of any other line except that one then claimed by the defendant. To this, the defendant replies that since the line so surveyed was not exactly the same as that later established, but was only substantially so, it could not have been the true charter line, and the defendant was obliged to agree to nothing else than this. But while the statute contemplates that the charter line is the one to be located and established it is not necessarily absolutely and precisely according to the charter, which might in some cases be quite impracticable and perhaps impossible, but as nearly according to the charter as it reasonably may be. *Town of Searsburg* v. *Town of Woodford,* 76 Vt. 370, 374, 57 Atl. 961. And from an affidavit filed with the motion, the truth of which is not questioned, it appears that the divergence of the first line surveyed was in favor of the defendant town. Furthermore, as we have seen, the defendant refused to agree to any other line than that claimed by it as to which the commissioners reported adversely.

Without deciding whether the rule as to costs in equity, to which reference has been made, is applicable here, we perceive no reason why in justice to both parties, the costs should not be taxed against the defendant town, as, indeed, appears to

have been the general practice in proceedings of this nature. *Town of Searsburg* v. *Town of Woodford, supra,* page 375 of 76 Vt., 57 Atl. 961; *Town of Readsboro* v. *Town of Woodford,* 76 Vt. 376, 379, 57 Atl. 962; *Town of Somerset* v. *Town of Glastenbury,* 61 Vt. 449, 452, 17 Atl. 748.

*Judgment that the report of the commissioners is accepted; that the charter line therein established as the division line between the towns is, and shall be, the division line between them; and that the petitioner recover its costs. Let the expense of marking the division line be divided equally between the parties.*