## FAIRBANKS, BROWN & CO. *v.* DAVIS & WRIGHT.

*Lien on Personal Property Sold Conditionally. Record.*
*Acts of* 1872, *No.* 51.

Lodgment for record in the town clerk's office of a written memorandum witnessing a lien reserved on personal property sold conditionally, like the lodgment there of a deed, is equivalent, for purposes of notice, to actual record, and a compliance with the statute requiring record.

The vendor of property so sold, on the last day of the time limited for recording the memorandum, took it to the clerk's office to be recorded. The clerk being absent, he took it to the treasurer's office, which adjoined the clerk's, in the same building, and between which and the clerk's was a vault used in common by the clerk and the treasurer for storing the city books and records. The treasurer, who was accustomed to take papers for the clerk in his absence, make a minute thereon of the time of receipt, and pass them to the clerk on his return, told the vendor that he could leave the memorandum with him for the clerk, which he did, and the treasurer made a minute thereon as aforesaid, and on the clerk's return on the next morning gave it to him, and he made a certificate thereon of its receipt for record as of the time it was received by the treasurer. *Held*, that the memorandum should be regarded as lodged in the clerk's office for record at the time it was placed in the hands of the treasurer.

TROVER for two sets of platform scales, brought to the City Court of Burlington. Trial by the court, TYLER, J.

It appeared that the plaintiffs sold and delivered the scales in question to M. D. Fuller on October 17, 1874, for $290, on condition that they should remain the property of the plaintiffs until paid for, and that the contract was duly reduced to writing, and the writing signed by Fuller.

The court also found that on November 16, 1874, which was the last of the thirty days limited by statute for the recording of such writings, the plaintiffs' agent, Joseph Howes, took said writing to the office of the city clerk, in Burlington, where Fuller resided, and where he had resided since September, for the express purpose of getting it recorded, and found the city clerk absent; that he then went to the office of the city treasurer, which was on the same floor, but separate from that of the city clerk; that between the two offices was a vault to which both the clerk and the treasurer had access from their respective offices, and which they used in common only for storing city books and records; that the treasurer had been in the habit of receiving papers for the clerk in his absence, making pencil memoranda thereon, indicating the year, month, day and hour when left with him, and passing them to the clerk on his return; that the treasurer informed Howes that he could leave the paper with him for the clerk if he wished to, and told him that to insure its record he should leave the fees for recording, whereupon Howes said he would come the next day and get the paper, and pay the fees, and left the paper with the treasurer, who made a pencil memorandum of the date of its receipt by him, and on the morning of November 17, passed it to the clerk, who required of the treasurer his fees for record, and took the paper and wrote on the back of it as follows:

City Clerk's Office, Burlington, Vt. Filed Nov. 16, 1874, at 2 o'clock P. M., and recorded in vol. 1 of Conditional Sales on page —
                    Attest,          WM. H. ROOT, City Clerk.

The court further found that Howes did not return on November 17, and that the paper was not in fact recorded until April 1, 1875, when the fee for recording was paid, and the clerk added to the above endorsement after the word page, the figures, 249,

and minuted below, " fees paid April 1, 1875," but that the paper remained in the clerk's office until it was actually recorded ; that on March 16, 1875, Whittemore & Wheeler, attorneys for Meeker & Dean, to whom Fuller was largely indebted, went to the clerk's office, to ascertain if there was any lien on said scales, and on examination of the record-book which was handed to them by the clerk, they found no conditional sale or lien thereon on the record ; but they did not ask the clerk if anything was left for record, or make known to him their business ; that on the same day Meeker & Dean, neither they nor their attorneys having any notice of the existence of any lien on the scales, sued Fuller, and attached all his property, including the scales, and Fuller also on the same day assigned his property, including the scales, to said firm to pay his indebtedness to them ; that after the application of the proceeds of said property upon said indebtedness, he was still owing them a considerable sum ; that after said assignment Meeker & Dean sold the scales to the defendants, of whom they were demanded by the plaintiffs before the bringing of this suit.

It further appeared that when the clerk was absent from his office he usually left a notice on the door directing comers to " inquire of the city treasurer," but that the treasurer was not deputy or assistant clerk ; that the established custom at the clerk's office was to require prepayment of fees, that notices to that effect were posted in his office, and that the non-payment of fees was the reason why the paper was not recorded.

The court held that such reception and filing of the writing without an actual record of it, was a sufficient compliance with the requirements of the law in regard to the record ; to which the defendants excepted.

The court further held as matter of law, that the writing was not left with the clerk, and filed within the time required by the statute, and that as to Fuller, his creditors and assigns, the lien reserved was null and void, and therefore rendered judgment for the defendants to recover their costs ; to which the plaintiffs excepted.

The court found that if the plaintiffs were entitled to recover

upon the facts stated, they were entitled to recover $275.46 damages, and their costs.

*Wales & Taft*, for the plaintiffs.

The reception and filing of the writing under the circumstances detailed, were a sufficient and a reasonable compliance with the statute. *Hines* v. *Robbins*, 8 Conn. 341; *Sawyer* v. *Adams*, 8 Vt. 172; *Ferris* v. *Smith*, 24 Vt. 27; *Bigelow* v. *Topliff*, 25 Vt. 273; *Johnson* v. *Burden*, 40 Vt. 567; *Douglass* v. *Spooner*, N. Chip. 74; *Abbott* v. *Pratt*, 16 Vt. 626.

*Whittemore & Wheeler*, for the defendants.

The writing was not recorded as required by statute. Acts of 1870, No. 63; Acts of 1872, No. 51; *Sawyer* v. *Adams*, 8 Vt. 172. Plaintiffs omitted to prepay the fee for recording; and that was a condition precedent. Acts of 1870, No. 63; Gen. Sts. c. 126, s. 42. A deed is registered in contemplation when it is entitled to registration. 2 Cruise Dig. (Greenl. Ed.) 546, n. 1. The clerk's indorsement on the paper was not in accordance with the statute requiring a certificate of the true day, &c. when received for record. Gen. Sts. c. 15, s. 44. An indorsement of " received into record," &c., is no compliance with a statute requiring record. *Pawlet* v. *Sandgate*, 17 Vt. 619. And the clerk's certificate may be impeached. *Cooney* v. *Hayes*, 40 Vt. 478; *Willard* v. *Whipple*, 40 Vt. 225; *Little* v. *Sleeper*, 37 Vt. 105.

The record, if sufficient, was not seasonably made. Acts of 1870, No. 63; Acts of 1872, No. 51. The clerk's certificate may be impeached for this purpose. *Little* v. *Sleeper*, 37 Vt. 105; *Willard* v. *Whipple*, 40 Vt. 225; *Cooney* v. *Hayes*, 40 Vt. 478. The statute should have been strictly complied with. 6 Bac. Abr. 337; 5 Conn. 400; Phil. Mech. Liens, ss. 20, 233, 338; Kneel. Mech. Liens, s. 170; *Hubbell* v. *Schreyer*, 14 Abb. Pr. N. S. 284; *Hilliard* v. *Allen*, 4 Cush. 536; *Spencer* v. *Barnett*, 35 N. Y. 94.

The opinion of the court was delivered by

PIERPOINT, C. J. The property in controversy in this suit was sold conditionally by the plaintiffs to one Fuller, the title to re-

main in the plaintiffs until the property was paid for.    The contract was reduced to writing and signed as required by the statute to give it effect against subsequent purchasers and attaching creditors, and was left in the city clerk's office for record, and subsequently recorded.

After the aforesaid sale, and after the written contract was left with the city clerk, said property was attached by Meeker & Dean on a writ against said Fuller, and by said Fuller assigned to said Meeker & Dean, and by them sold to the defendants, who refused to deliver it to the plaintiffs on demand; and this suit is brought by the plaintiffs to recover its value.

It is insisted on the part of the defendants that the written instrument referred to was not recorded in the city clerk's office within the thirty days after the property was delivered to Fuller, as is required by the statute to give it effect against subsequent purchasers and attaching creditors without notice; that leaving it in the city clerk's office for record was not sufficient; that it must have been actually spread upon the record within the thirty days.

The language of the statute is, that the instrument " shall be recorded in the town clerk's office of the town    *   *   *   within thirty days after such property shall be delivered," &c.    It is conceded that the instrument in question was not spread upon the record within the thirty days.    Was that necessary?    The words used in this statute are the same as those used in the statutes requiring the record of deeds and other instruments conveying real estate—" shall be recorded."    The object of the statute in both cases is, not to make the instruments valid and binding between the parties, but to give notice to all the world of the true state of the title.    In respect to the statute requiring the record of deeds, &c., it has been repeatedly held that lodging the deed in the town clerk's office and having it filed for record, are as effective for all purposes of notice, as spreading it upon the record, and is a compliance with the statute; and that when put upon the record, the recording has relation back to the time of filing.    No principle of law is better settled in this state, nor more universally understood by all classes, than this.    We think it fair to infer that when

the Legislature used the same words in the statute in question, it was understood and expected they would receive the same construction. There is no reason why they should not. Every argument in support of the one, applies with equal force in favor of the other. The act is the same, and the purpose is the same, in both cases. We think there was no error in the ruling of the City Court upon this branch of the case.

It is further urged on the part of the defendant, that the instrument in question was not lodged in the city clerk's office for record within the thirty days. It appears from the case that the city clerk of the city of Burlington and the city treasurer occupied adjoining rooms in the same building, with a vault between them that was used in common by them for storing the city records and books. It was the custom between said clerk and treasurer, when the clerk was absent from his office, for the treasurer to take such papers as were brought for record, and make a memorandum in pencil thereon of time, &c., and pass them to the clerk on his return. On the 16th of November, 1874, which was within and the last of the thirty days after the delivery of said property to said Fuller, Howes, the agent of the plaintiffs, took said written contract of the sale to the office of the said city clerk, for the purpose of getting it recorded, and found said clerk absent; he then went to the office of the city treasurer, and the treasurer told him he could leave the paper with him, the said treasurer, for the said clerk, and the said Howes did so, and the said treasurer received said paper for the clerk, and made a memorandum thereon of the time of receiving it, &c. The next morning when the city clerk returned to his office, the paper was put into his hands, and he made a certificate thereon that it was received for record at the time it was received by his agent, the city treasurer. Where the paper was kept in the meantime does not appear; but as the vault where the city records were kept was the appropriate place for it, it may safely be presumed it was put there for the clerk. Upon the facts in this case, we think the paper must be regarded as having been lodged in the city clerk's office for record, from the time it was placed in the hands of the agent of the city clerk for that purpose on the 16th of November. It remained

there open to the inspection of all, until it was spread upon the record, and for a long time before the attachment was made, and if the attorney who examined the record-book had inquired of the clerk if such a paper had been left, or had made his business known to the clerk, he would have obtained the information he sought.    We think the City Court erred in the decision upon this point.                                              •

Judgment of the City Court reversed, and judgment for the plaintiffs for the sum of $275.46, with interest and cost.