Goss *v.* Cardell.

A. W. GOSS *v.* E. CARDELL.

*Posting Property at Public Place to be Sold on Execution.*
*Insolvency.   Attachments, Dissolution of.*

1. As to what is a " public place," under the statute,—R. L. s. 1549,—for *posting* and *selling farm stock :* may be sold on the *premises, where attached*, if on a *public road ;* and posted on the *fence* near the buildings,

2. Under the insolvency act of 1876, the *title of the debtor*, on the assignment, *vested* in the *assignee* from the *adjudication ;* under the act of 1880,—R. L s. 1820,— from the *filing* of the petition; hence, under the former act, property, sold *on execution*, by an officer *before the debtor was adjudged insolvent*, did not pass to the assignee on assignment by the court of the debtor's estate.

3. Insolvency acts of 1876, No. 1, and 1880, No. 1, (R. L. s. 1820) construed.

Goss v. Cardell.

THIS case was heard on the report of the referee, at the September Term, 1880, Ross, J., presiding. Judgment for the plaintiff for the value of the property. The referee reported as follows as to the posting, and place of sale of the property :

Previous to this time one Eaton, of Warren, Vt., a creditor of Powers, had obtained a judgment against him for nearly $200, and execution had been duly issued thereon, and not being paid, was put into the hands of the defendant, who was constable of the town of Warren, and who as such constable levied the same on said colts and heifers on the 13th day of said January, and left a copy of the execution, with his return thereon, in the town clerk's office in Leicester ; but did not otherwise take possession of, or remove said colts and heifers from the premises of Powers, and on the same day'said constable advertised the stock for sale on the 28th of said January, in the highway near the dwelling-house of Powers, by posting up two written notices thereof, one at Leicester Junction, being the junction of the Addison and the Rutland railroads, and another on the board fence by the side of the highway near the driveway on the premises of Powers at his house.. Otter Creek crosses said highway a few rods east of the railroad station, at said junction ; and this highway runs easterly nearly one mile from said creek to a north and south road. At this turn to the north and south was a dwelling house which was occupied, and which was about one half mile from Powers's house. There was also another dwelling-house on this road about one quarter of a mile west of Powers's and near said creek bridge. These were the only houses on said road between the creek and said north and south road except the house of Powers and three tenement houses of his which were occupied also. The fence on which said notice was posted was made of boards about five inches wide, and was about one and one-half rods from the travelled track ; and this notice was nailed on to the top board and could not be read by a person passing along said travelled track. This road past Powers's house drifted somewhat in the winter ; and the travel at that season deviated from the highway past Powers's house and went mostly through the lots whether the highway was drifted or not, as some distance could thereby be saved and the road was better across lots. This was not the thoroughfare between Middlebury and Brandon ; but was the road used by persons going to and from Leicester Junction easterly. There was no other more public place near Powers's house to post a notice than the one chosen.

The other facts are sufficiently stated in the opinion of the court.

*W. C. Dunton*, *Edward Dana* and *Ormsbee & Briggs*, for the plaintiff.

The property was not advertised and sold at a *public place*. *Austin* v. *Soule*, 36 Vt. 645 ; *Alger* v. *Curry*, 40 Vt. 437.  Must be sold *where advertised*.  *Hall* v. *Ray*, Ib. 576 ; *Evarts* v. *Burgess*, 48 Vt. 205.  Notice given by the court of the insolvency proceedings was legal notice to the defendant.  *Shawhan* v. *Wherret*, 7 How. 643 ; *Smith* v. *Brinkerhoff*, 6 N. Y. 307.  The statute should be construed according to intention, even against the expressed words.  Dwarris on Stat. 175, *et seq. ; People* v. *Ins. Co.*, 15 Johns. 380 ; *Whitney* v. *Whitney*, 14 Mass. 92 ; 14 Peters, 178 ; 17 Vt. 479 ; 30 Vt. 746.  If it had been the intention of the law makers to allow property to be sold on execution *after* the filing of the petition and before the adjudication, the words, " made within sixty days next preceding the *filing of the petition*" would not have been used, but the word " adjudication " would have been used in place of " filing of the petition."  Such is the intention of all bankrupt laws, and in all others the language of the statute is definite and certain, instead of loosely drawn and indefinite, as in the Vermont statute.  See Bankrupt Law ; Mass. Ins. Law ; Me. Ins. Law.

*S. C. Shurtleff*, for the defendant.

The property was legally advertised by the officer.  *Austin* v. *Soule*, 36 Vt. 645 ; *Drake* v. *Mooney*, 31 Vt. 617.  Proceedings in Insolvency.  The title to this property never vested in the assignee ; for it was sold and the avails of it applied on the execution *before the adjudication*.  Acts of 1876, p. 19, s. 42.  The sale was not dissolved, sec. 43.  Under the U. S. Bankruptcy Law the proceedings are held valid until dissolved.  In re *Housbergher et al.*, 2 B. R. 92 ; In re *C. H. Preston*, 6 B. R. 545.  The messenger never had possession of this property ; nor demanded it.  *Lawry* v. *Walker*, 4 Vt. 76 ; *Putnam* v. *Clark*, 17 Vt. 82 ; *Hollister* v. *Batchelder*, Wash. Co. Sup. Ct. 1880 ; Gen. Sts. c. 33, s. 25.

29

The opinion of the court was delivered by

REDFIELD, J.   The property in question, consisted of farm stock—cattle and horses, and had been sold by the defendant, as constable of the town of Warren, on the 28th of January, 1879, on an execution in favor of one Eaton against the insolvent debtor Powers.   Powers had filed his petition in insolvency, on the 17th of the same January.   On the 20th, Rider was appointed messenger ; and on the 20th, with a list of the property, and warrant from the court, he went to the residence of said Powers, showed him his warrant, and list of the property, told him he had taken possession of the property, and employed Powers to take the care and charge of the property.   And on the 27th, said messenger received an order from the court to sell all said property.   On the 28th, the defendant sold said property, on said execution ; the property in the meantime remaining in the possession of the debtor Powers.   At the time of the levy, the defendant lodged a copy of his execution in the town clerk's office, in accordance with the statute.   Powers was adjudged insolvent on the 5th day of February, of the same year.

The creditor, Eaton, had information of the pending proceedings in insolvency ; and Powers forbade the sale by defendant, and told him, at the time of sale, that he would be sued, if he sold, but gave no explanation.   But the defendant had no actual knowledge of the insolvent proceedings, unless the publication in the newspapers, by order of the court, on the 24th of January, was constructive notice.

I.   It is insisted that the sale of the property was invalid, because sold at an improper place.   The property was sold at the barn where kept ; and the same was posted on the fence, near the drive-way to said premises, and at Leicester Junction.   The barn was near the house of said Powers, which had been long occupied as farm premises, and on a road leading through the town ; and farm-houses occupied on either side, within half a mile. The referee reports that such premises were as " public " a place as could be found in the vicinity.

The law requires property attached to be posted at a " public

place," and sold where posted. Its purpose was to insure such publicity in the sale of property, that the sale would necessarily be public. But the removal of cattle, hogs, sheep and colts, from the farm on the hillside where they have been raised, to some distant village, mill, or four corners, occasions risk and labor, and does not, often, insure competition in the sale ; and it has become a settled practice, sanctioned by the courts, to sell farm stock on the premises where attached, if on a public road, if conducted by the officer in good faith. *Austin* v. *Soule*, 36 Vt. 645. It is not claimed, in argument, that the facts stated by the referee render this sale fraudulent in fact.

II. The more important inquiry is as to the title of the plaintiff as the assignee of Powers. The 40th sec. of the act of 1876, requires the court to " assign and convey to the assignee all the estate, real and personal, of the debtor." The 42d sec. declares that : " the assignment shall vest in the assignee all the property of the debtor real and personal, which he could have lawfulfy sold, assigned, or conveyed, or which might have been taken on execution upon a judgment against him, *at the time of the adjudication of insolvency.*" The 43d sec. declares that an : " adjudication of insolvency shall dissolve all attachments . . . upon the property of the debtor, and all levies of execution, *when the property levied upon has not been actually sold,* made within sixty days next preceding the filing of the petition."

The title of the assignee is entirely technical and artificial ; and is created, solely by operation of the statute ; and when the language is explicit and plain, there is no call for construction. It is as competent for the legislature to vest the title of the debtor in the assignee, as it existed at the time of the adjudication of insolvency, as to have it refer back to the time of filing the petition. The latter is the more convenient and proper way of settling an insolvent's estate ; and by the act of 1880 is now the legal way. But such is not the provision of the act of 1876. By that act the title of the property of the debtor as it existed at the time of the adjudication of insolvency is vested ; and to remove all question or doubt, the 43d section declares that such adjudication

shall dissolve all attachments and *levies of execution* " when the property levied upon has not *been actually sold*." This property had been " actually sold " eight days before the adjudication of insolvency. The plaintiff, as assignee, had, then, no title in, or lien upon this property, and cannot sustain this suit. If the messenger, under his warrant, had taken the actual possession of the property it would have been operative to defeat the defendant's levy. And if the defendant had forcibly wrested the possession from him, it is probable the law would have protected him in his possession, but we do not speculate upon what might have been done in such case. The defendant, by filing his execution and return thereon in the town clerk's office, obtained an express lien on the property against the debtor and the whole world, and we do not think the messenger divested the defendant of such lien, by his negotiations with the debtor.

Judgment reversed, and judgment on the report for the defendant to recover his costs.