## A. N. TILDEN v. JOHN CRIMMINS AND WIFE.

### Assignee. Deed. Homestead.

1. The homestead of an insolvent debtor passes to his assignee on the assignment of his estate by the court, when such homestead is liable to be taken on execution in payment of debts contracted before the homestead was acquired; and in such case the assignee's deed may convey the homestead to one who has purchased the premises of him.

2. And an assignee's deed, which contained these words, "*subject to the mortgagor's homestead right*," was construed to mean such right as he had against the order of assignment; and it was held, that, if the deed did not convey the homestead, it still remained vested in the assignee for the payment of such debts.

BILL to foreclose a mortgage and the defendants' interest in real estate of which they held a bond for a deed. Heard on the pleadings and a master's report, April Term, 1888, ROWELL, Chancellor.

It was decreed that the defendants have no homestead interest in the premises described in the orator's bill; that the said Catharine Crimmins has no right of redemption in said premises; that the orator is the owner in fee of said premises, and is entitled to the possession of the whole of the premises described in the orator's bill; that the defendants be per-

petually enjoined from interfering with the orator in taking possession of the whole of said premises ; and that the orator have a writ of possession.

It appeared that one Rich, in November, 1866, conveyed certain premises to the defendant, John Crimmins, and a mortgage was given back to secure the purchase money ; that Rich sold the mortgage to one White, and that the same came into the possession of Clark King, the executor of White ; that King foreclosed, and obtained a decree at the March Term, 1880, which was to be paid on or before April 1, 1881 ; that King and Crimmins entered into an arrangement in December, 1883, by which he gave Crimmins a written contract, called a bond for a deed, and Crimmins gave King his note for $560.70 ; that in June, 1886, there was due on the note $515.34, and King conveyed his right in the same to the orator.

It further appeared that in April, 1876, one Margaret Marr conveyed to the defendant, John Crimmins, a farm of one hundred and ten acres, which adjoins the said premises purchased of said Rich, and the two farms have been used and occupied by Crimmins as one farm ; that both defendants executed a mortgage of the premises to secure the purchase money—$1,500 ; that in June, 1886, said Marr sold and assigned said mortgage to the orator, and the same amounted to $872.49.

The orator had a long account against John Crimmins which was nearly all for goods out of the orator's store, and delivered to the defendant and used in the support of the defendants and their family. The account began January, 1872, and was closed in 1879. This account, together with some notes that defendant had given the orator, was sued by the orator, and went into a final judgment for the sum of $744.65 at the September Term, 1885, and the cost was allowed at $22.87. An execution was duly issued on the judgment. The case was entered in court at the September Term, 1884, and both farms were attached on said writ. The orator proved his judgment against Crimmins in the court of insolvency.

Tilden *v.* Crimmins.

The defendant, John Crimmins, on his own petition, went into insolvency. The date of the petition did not appear, but such proceedings were had that on the first day of March, 1886, he was adjudged an insolvent debtor by the court of insolvency for the District of Washington, and H. G. Ellis was appointed the assignee. Ellis, as assignee, sold to the orator on the 22d day of May, 1886, both of said farms " subject to the mortgagor's homestead right and all other encumbrances as appear by deed," for the sum of $2, and conveyed the same by deed dated the third day of June, 1886.

It was found that the value of the farm above both mortgages was $111.97 in June, 1886. The prayer was that the equity of redemption which the defendants had under said mortgage and contract be foreclosed ; that a writ of possession be awarded, and that an injunction be granted, etc.

*James N. Johnson* and *George W. Wing*, for the defendants.

The defendants have a right to redeem the farms from the purchase money mortgages. The assignee's deed does not defeat that right. It cannot affect Mrs. Crimmins, who was not a party to the insolvency proceedings. If the right to redeem does not exist, then by the report the homestead right is limited to $111.97, and this sum should be decreed to be paid by the orator. The defendants are not liable to contribute to the payment of any part of the mortgages ; because the orator took his deed subject to all the homestead rights. He abandoned his levy of execution and proved his judgment. The orator took no steps in accordance with the statute—R. L. s. 1803—to perfect his attachment lien. He proved his judgment as an unsecured creditor. The debt dates from the date of the judgment. The same principle will apply to the homestead act as was applied to the act of imprisonment in 1839. If any part of the judgment accrued after the act took effect, no imprisonment could be had on the execution. *Witt* v. *Marsh*, 14 Vt. 303.

Tilden *v.* Crimmins.

The real estate then was relieved from the attachment and was left unencumbered except by the mortgages, and when the orator paid these, they were extinguished, so far as the home-stead is concerned. If wrong in this position, then the wife has a right to redeem. The orator bought subject to the homestead right and mortgages. When he is paid his mortgages, he can ask nothing more, except the $2 paid for his deed. The homestead act is to receive a liberal construction. 38 Vt. 18 ; 28 Vt. 674 ; 36 Vt. 254. The husband, wife and children can bring suit when the husband has deeded away the homestead. 47 Vt. 375. The deed of the assignee has no greater force than that of the husband. *Pierce* v. *Kusic*, 56 Vt. 418.

*S. C. Shurtleff*, for the orator.

The orator's debt was older than the homestead right of the defendant, and it was liable to attachment. R. L. s. 1901. The assignee took all the rights of an attaching creditor. R. L. ss. 1818, 1820 ; *Collender Co.* v. *Marshall*, 57 Vt. 232. Then all the right the orator acquired by attachment passed to the assignee, and from the assignee to the orator by deed. This is just as well, and saves the expense of a set-off or sale of the property on execution. If there had been other debts older than the homestead, it would be the duty of the court to have the homestead sold and the proceeds divided among those entitled to it. As the wife gets her rights, if any, by virtue of her marital relation, it is not apparent how her rights can exceed those from whom she derived the right.

The opinion of the court was delivered by .

Ross, J. The only question is whether the defendants, or either of them, have a homestead right or interest in the premises.

The Rich mortgage was given for the purchase money, and bound the entire premises for its payment. No homestead right or interest in the premises existed against this mortgage.

It was foreclosed at the March Term, 1880, and the decree became absolute April 1, 1881. There is no fact found by the masters which modifies or varies the effect of that decree as having become absolute, in accordance with its terms, April 1, 1881. The defendants thereby lost all homestead rights in the premises which antedated the decree. Crimmins, by taking the contract, called a bond for a deed, in December, 1883, yielded to the force of the decree as absolute. All the defendants' right to a homestead in the premises must date and be derived subsequently to that contract. The debt due the orator all accrued before the date of the contract. The homestead interest of the defendants in the premises was subject to be taken for its payment. R. L. s. 1901. By the order of assignment of the court of insolvency the assignee of John Crimmins took title to all his property " which might have been taken on execution upon a judgment against him at the time of the filing of the petition." R. L. s. 1820 ; *Collender Co.* v. *Marshall*, 57 Vt. 232. Therefore, for the payment of the orator's judgment debt, the assignee by the order of assignment took the entire premises, including the defendants' homestead interest. Their homestead interest above the payment of the Rich and Marr mortgages—owned by the orator, and which covered the entire premises, including the homestead interest—was much less than the orator's judgment debt. The orator acquired all the rights of the assignee in the premises by his purchase and deed from him. By the clause, " subject to the mortgagor's homestead right," inserted in the deed from the assignee, must be meant such homestead right as the mortgagor had against the order of assignment of the court of insolvency. But if by this clause the mortgagor's homestead right did not pass to the orator by the assignee's deed, that right passed to the assignee by the order of assignment, and still remains vested in the assignee for the payment of the orator's judgment debt, or some portion thereof. It is not in the defendants, and they cannot set it up against the orator in this proceeding. If the orator has not obtained that interest

by his deed from the assignee, he is entitled to have the assignee now sell it and turn the avails towards the payment of his judgment debt. On these views—without considering the other questions discussed in the brief of the defendants' solicitor—it follows that the defendants have no homestead right in the premises against the mortgages, judgment debt, and deed from the assignee, now owned by the orator. Mrs. Crimmins has no homestead interest therein greater or other than has her husband. The decree of the Court of Chancery is affirmed, and cause remanded.