## GEORGE P. BLAIR, Assignee, *v.* RITCHIE and WARDEN.

October Term, 1899.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON, and WATSON, JJ.

Opinion filed May 24, 1900.

*Certificate of town clerk endorsed on deed not conclusive.*—The certificate of a town clerk upon a deed or mortgage is but *prima facie* evidence of the time when it was left for record, and may be contradicted by parol evidence.

*Instructions to file but not record*—A deed or mortgage left with a town clerk with instructions to place it on file but not to record it, is not left for record and the filing of it as for record is without effect. The clerk should refuse to receive a deed or mortgage offered with such instructions and should put no certificate thereon.

*Recording in disregard of instructions*—If a deed or mortgage, left with a town clerk with instructions to file it but not to record it, is subsequently recorded without further instructions, the record is unauthorized and void.

*Ratification of act of recording by taking instrument and paying record fee— Limitation upon retroactive effect of ratification*—Such ratification of the act of a town clerk in recording an instrument contrary to instructions as may arise from calling for the instrument and paying the record fee can not relate back so as to affect property rights acquired before such ratification.

*Ratification at about the time to which assignment in insolvency relates—Proof of priority*—When such ratification of the previously unauthorized recording of a mortgage was at about the time of the filing by the mortgagor of a petition in insolvency, it devolves upon one relying on the record of the mortgage so ratified as against the assignee in insolvency to establish the fact that the ratification was before the filing of the petition.

*Unrecorded mortgage without possession invalid against assignee*—A mortgage of personal property not taken into the possession of the mortgagee is invalid against the assignee in insolvency of the estate of the mortgagor, if there is no authorized record of the mortgage at the time of the filing of the petition in insolvency.

*When assistant town clerk may act as clerk— V. S. 3014.*—The delivery of a mortgage to an assistant town clerk, when the town clerk is present in the town clerk's office and is under no temporary disability, is not delivery to the town clerk.

*Agency of assistant clerk in delivering instruments to clerk*—The delivery of a mortgage to an assistant town clerk when the clerk is present and acting in the town clerk's office makes the assistant an agent in respect to the delivery to the clerk.

*Evidence of instructions conveyed through agent—Res gestae—Agent may testify that he followed instructions of principal*—A mortgagee drove up in front of a town clerk's office, and, outside the office, handed a mortgage to the assistant clerk, who immediately took it inside the office and handed it to the clerk with instructions, which the clerk remembered and testified to, to put it on file but not to record it. The assistant was not able to remember the exact language of the instructions received by him from the mortgagee, but testified that he told the clerk what the mortgagee told him. This testimony taken together was admissible under the doctrine of *res gestae* and the rule that an agent may testify that he acted in accordance with the instructions of his principal.

CHANCERY.    The cause came on for hearing on pleadings, master's report and exceptions thereto, Caledonia County, June Term, 1899, *Thompson*, Chancellor.    Decree *pro forma* overruling the exceptions and dismissing the bill.    The orator appealed.

The bill was in substance, a bill to set aside a mortgage of personal property given to the defendants Ritchie and Warden on the ground of its invalidity as against the orator, who was the assignee in insolvency of the estate of the mortgagor, one James W. Blaine.

*Bates, May & Simonds* for the orator.

*Dunnett & Slack* for the defendants.

WATSON, J.    The law is well settled in this State that the certificate of a town clerk upon a mortgage or deed of the time it was received for record, is but *prima facie* evidence of the true date, and that parol evidence is admissible to vary or contradict the same.    *Bartlett et ux.* v. *Boyd*, 34 Vt. 256 ; *Johnson* v. *Burden et al.*, 40 Vt. 567.

The mortgage in question was executed and delivered to the defendants on April 27, 1897, and by them held until June 7, 1897, when defendant Ritchie took it and drove to Barnet village, in front of the store of Burbank & Robie who were partners in

trade.   The town clerk's office was in this store, and Burbank was the town clerk.   Robie was the assistant town clerk.   Ritchie delivered the mortgage to Robie outside of the store, and Robie immediately carried it into the store and there, in the town clerk's office, delivered the same to Burbank, the town clerk, who at once filled in and signed the certificate on the back of the mortgage, to show when he thus received it, but leaving the places for the volume and the pages thereof, when recorded, blank, and the mortgage was then placed among the unrecorded papers in the town clerk's office.

The assistant clerk has the same power to certify to records and copies as the clerk, but, other than that, he can act only in the absence or temporary disability of the town clerk.   V. S. 3014.

At the time this mortgage was delivered to Robie, the town clerk was neither absent nor under any temporary disability, but was in the town clerk's office, hence the delivery of the mortgage to Robie was in no sense a delivery to the town clerk.   When Ritchie delivered the mortgage to Robie, the latter was made the defendants' agent to carry it into the town clerk's office, and the instruction then given Robie by Ritchie relative thereto, and that Robie, in delivering the mortgage to Burbank, town clerk, gave the same instructions, were properly shown in evidence, as a part of the *res gestae*.   1 Green. Ev. sec. 113.

But it is said by the defendants' solicitors that the mode of proof was not in accordance with the law of evidence.   The case shows that Burbank testified that when Robie gave him the mortgage, Robie said to put it on file, but not to record it; and that Robie, although unable to give the exact language used by Ritchie to him, gave evidence that he immediately took the mortgage to Burbank and gave him the instructions as he, Robie, had received them from Ritchie.

What is in fact said by an agent, constituting a part of the *res gestae*, may be proved by the agent or by any one else who heard it.   1 Green. Ev. sec. 113.   And the agent may testify

that he acted according to the directions of his principal. 1 Green. Ev. sec. 417.    In this case, the agent at the time of performing his duties as such, knew his instructions, and knew whether he gave the same instructions to Burbank, and he was properly allowed to testify that he did so do.    It was but stating, in effect, that he acted as directed by his principal.

With this evidence before the master, the fact is found that when Burbank received the mortgage he was instructed by the defendants, through their agent, to put the mortgage on file but not to record it.    The mortgage was kept among other papers on file in the office for record, open to the public, and where the same could be shown to any person inquiring for the files or in regard to incumbrances upon Blaine's property, until the fore part of December, 1897, when it was recorded in the book of mortgages of personal property by the town clerk.    If the mortgage was recorded at that time by the defendants' directions, the record would be effective as against the orator; it therefore became material to inquire by whose direction, or by what authority, the record was thus made, and it was not error for the master to receive evidence thereon.

The case shows that no evidence was introduced that the town clerk received any instructions in regard to recording the mortgage after it was delivered to him, and the master finds that the reason why the town clerk did not earlier place the mortgage on record was because of the instructions received at the time of the delivery of the same to him by Robie, and that he placed it on record the fore part of December because Morris Miller, one of Blaine's creditors, wanted a copy thereof.

While it is true that if such an instrument is left in the town clerk's office for record and it is filed by the clerk and remains in the office, it is as effective for all purposes of notice as spreading it upon the record book, and is a compliance with the statute, and the subsequent recording has relation back to the time of filing,—*Fairbanks, Brown & Co.* v. *Davis & Wright*, 50 Vt. 251,—when such instrument is left with the town clerk with

directions that it be filed but not recorded, it is not filed for record, and the town clerk has no right to place it upon record until he has received further instructions, and to that effect; and if he subsequently places it upon record without such further instructions, the record thereof is without authority and void. *Low* v. *Pettengill*, 12 N. H. 337; *Town* v. *Griffith*, 17 N. H. 165.

The duties of a town clerk do not require him to receive such an instrument, unless it is delivered to him for record; and if offered to him with instructions not to record the same, he should refuse to receive it, and should place no certificate thereon.

Nor can the fact that defendant Warden called for and took the mortgage from the town clerk's office, paying the recording fee thereon, about the time Blaine was adjudged insolvent, be construed as a ratification, by the defendants, of the act of the town clerk in recording it, that will avail them in this action. The filing of the petition and the adjudication thereon, were on the same day, and, upon the facts found, the paying of the recording fee, and the taking of the mortgage from the town clerk's office may have been before the filing of the petition, or not until afterwards. If the defendants relied upon such ratification, it devolved upon them to establish it at a time prior to the filing of the petition, which they failed to do. *Reese* v. *Medlock*, 27 Texas 120, 84 Am. Dec. 611.

By operation of law, the assignment to the orator of the insolvent estate under the insolvency law, related back to the time of filing the petition,—V. S. 2099; *Goss* v. *Cardell*, 53 Vt. 447, —and the assignment vested in the orator all the property of the debtor that might have been taken on execution upon a judgment against him at that time. V. S. 2098; *Tilden* v. *Crimmins*, 60 Vt. 546.

The maxim that a subsequent ratification has a retrospective effect, and is equivalent to a prior command, is not unlimited in its application; and the subsequent ratification (if such it may be termed) by the defendants of the acts of the town clerk in recording the mortgage, cannot relate back so as to devest the ora-

tor of his property rights previously acquired under the assignment. *Wood* v. *McCain*, 7 Ala. 800, 42 Am. Dec. 612.

It is not claimed that the defendants ever took possession of the property, and as the mortgage was not recorded prior to the time of the filing of the petition in insolvency against the mortgagor, it was at that time invalid against any person except the mortgagor, his executors and administrators, and the property covered thereby might then have been taken on execution upon a judgment against him, and therefore it passed to the orator as assignee. V. S. 2252.

*Pro forma decree reversed, and cause remanded with mandate that the mortgage in question is invalid against the orator, assignee of the estate of the mortgagor in insolvency; and that the property covered by the mortgage passed to the orator under the assignment to him by the Court of Insolvency of the estate of the mortgagor. Let the orator recover his costs.*