WILLIAM R. MORGAN *v.* MERRITT B. MORGAN.

Special Term at Rutland, November, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed May 31, 1909.

*Equity—Findings of Chancellor—Effect—Deeds—Evidence of*
*Delivery—Record.*

The findings of a chancellor, like those of a special master, cannot be
set aside if there is evidence to support them.

The fact that a deed is on record is *prima facie* evidence of delivery;
but the mere fact that a deed has been recorded, even at the
grantor's direction, does not constitute delivery.

Where a town clerk received a deed from the grantor, with instructions
to file it, but to delay the recording, the fact that the town clerk
subsequently, and by direction of the grantee, recorded the deed
and gave it to her, did not constitute delivery.

APPEAL IN CHANCERY. Heard on the pleadings, finding of
facts made by the chancellor, and motion to set aside the same, at
the June Term, 1908, Bennington County, *Miles,* Chancellor.
Motion overruled and decree for the orator to the effect that the
deed in question is void, but constitutes a cloud on the orator's
title which is decreed removed, and the defendant perpetually
enjoined from making any claim under the deed. The defendant
appealed.

*O. M. Barber,* and *Batchelder & Bates* for the orator.

The facts in this case are such as give equity jurisdiction to
cancel the deed in question as a cloud on orator's title. *Hamil-*
*ton* v. *Cummings,* 1 Johns. Ch. 517; *Glastenbury* v. *McDonald,*
44 Vt. 450; *Fair Haven Marble Co.* v. *Owens,* 69 Vt. 249; *Hart-*
*ford* v. *Chipman,* 21 Conn. 488; *Eldredge* v. *Smith,* 34 Vt. 483;
*Wilson* v. *Spear,* 68 Vt. 145; 6 Pom. Eq. Jur. §763.

There was no delivery of the deed in question, for so long
as the grantor retains control of the deed he retains title.
*Dwinell* v. *Bliss,* 58 Vt. 353; *Elmore* v. *Marks,* 39 Vt. 538;

*Walsh's Admx.* v. *Insurance Co.* 54 Vt. 352; *Lindsey* v. *Lindsey,* 11 Vt. 621. And the record of deed by the town clerk by the grantee's direction did not constitute delivery by the grantor. *Blair* v. *Ritchie & Warden,* 72 Vt. 312; *Hayes* v. *Davis,* 18 N. H. 600; *Barnes* v. *Hatch,* 3 N. H. 304; *Cravens* v. *Rossiter,* 38 Am. St. Rep. 606.

*C. H. Mason* and *W. B. Sheldon* for the defendant.

MUNSON, J. On the nineteenth day of October, 1900, the orator executed to his sister Harriet a deed of real estate in Bennington, and three days later he handed it to the town clerk with instructions to file it but delay the recording. This was the only instruction given the town clerk by the orator. Some-time after this the grantee directed the town clerk to record the deed, and he thereupon recorded it and delivered it to the grantee. The orator afterwards called for the deed, and then learned what had been done regarding it. The chancellor does not say in terms that Harriet acted without the orator's authority, but his language fairly implies that she did, and we think it should be so construed.

The defendant moved to have the findings set aside as not warranted or supported by the evidence. The findings of a chancellor stand the same as those of a special master, as regards their effect; and they cannot be set aside if there was evidence tending to support them. The only question that can possibly be made under this motion regarding the findings above stated is with reference to the instructions. The town clerk was called by the defendant, and testified on direct examination that the orator's instructions were that the deed be filed for record but that the actual work of recording be delayed; and on cross examination he testified that he had a place where he put papers that were not to be recorded until further directions were given, which he called the "slow record" file; that he might just minute the filing of these papers in lead pencil, or perhaps not file them; that papers in this file were sometimes taken away without anything further being done with them; and that he put the orator's deed in this file. This was clearly evidence tending to support the finding regarding the instructions.

The fact that a deed is on record is *prima facie* evidence of delivery. *Walsh* v. *Vt. Mutual Ins. Co.,* 54 Vt. 351. But the

mere fact that the deed has been recorded, even if done by the grantor's direction, does not of itself constitute a delivery. *Fair Haven Marble Co.* v. *Owens,* 69 Vt. 246, 37 Atl. 749　There was no delivery here unless a delivery was effected by means of the recording and the delivery of the recorded deed to the grantee by the town clerk. But the delivery of the deed by the town clerk could have no effect unless he was authorized to record it. The town clerk received the deed from the grantor with instructions to file it but delay the recording. This must be construed as a direction to postpone the recording until further instructions from the grantor. It cannot have meant that the town clerk was to delay the recording for an indefinite period, that was to be ended, if at all, on some impulse of his own. So the deed was held by the town clerk to be filed but not recorded, and the placing it upon record without further instructions from the grantor was of no effect. *Blair* v. *Ritchie,* 72 Vt. 311, 47 Atl. 1074. It follows that the grantee's possession of the deed was unauthorized.

It is not necessary to inquire whether the filing of exceptions to the chancellor's findings was necessary to entitle the defendant to stand on his objections to the evidence, nor whether Mr. O'Brien was a competent witness to what the orator and his sister said in Mr. Baker's office in connection with the preparation and execution of the deed; for it is clear that Mr. O'Brien's testimony had no bearing upon the transaction between the orator and the town clerk, but only upon issues made immaterial by our holding that that transaction did not constitute a delivery.

*Decree affirmed and cause remanded.*