should be compelled to pay any money to the government, it would be immediately recoverable as an overpayment under the above section, since both sides agree that the time to commence direct proceedings for the payment of the tax in question expired on April 29, 1924, by force of the limitation contained in the Revenue Act of 1918 (40 Stat. 1057). This argument presupposes that the payment of a sum of money to the government by the taxpayer as a result of this suit would be the payment of a tax. In a prior opinion in this case this court pointed out that the obligation created by the bond which is the cause of action in this suit is not a tax liability, but a contractual one. The decision of the Supreme Court in U. S. v. John Barth Co., 279 U. S. 370, 49 S. Ct. 366, 367, 73 L. Ed. 743, was based upon the same construction. The court said: "The making of the bond gives the United States a cause of action separate and distinct from an action to collect taxes which it already had. The statutes now pleaded to bar the suit cannot be extended by implication to a suit upon a subsequent and substituted contract." Any payment in discharge of the obligation created by the bond in suit would not be a payment of tax, and section 607 of the Revenue Act of 1928 is wholly inapplicable.

If, yielding to the defendant's insistence that we should look through the form to the substance, we should hold that the payment of any sum of money under this suit was the payment of a tax, it would not help the defendant because it would not be a tax paid "after the expiration of the period of limitation properly applicable thereto." By the giving of the bond the taxpayer wholly waived the limitation, and there was no longer any period of limitation "properly applicable" to the tax. As the court in the John Barth case said: "The object of the bond was not only to prevent the immediate collection of the tax, but also to prevent the running of time against the government. The taxpayer has obtained his object by the use of the bond, and he should not object to making good the contract by which he obtained the delay he sought."

The remaining defenses may be briefly disposed of.

(1) The correctness of the original assessment is challenged, but collateral attack on an assessment of income tax may not be had in an action on a bond for payment of an amount finally adjudicated by the Commissioner of Internal Revenue, Gray Motor Co. v. U. S. (C. C. A.) 16 F.(2d) 357; or, as in this case, a bond to pay any part of such tax found by the Commissioner to be due.

(2) When the bond was given, proceedings for the immediate collection of the tax were waived by the Commissioner. This was sufficient consideration.

(3) The law of suretyship does not require notice and demand upon the principal, where his obligation is absolute and unconditional. The default is conceded, and the surety had notice and demand was made upon it.

(4) Jurisdiction is apparent from the face of the record.

The defendant in this case has filed an affidavit and thereafter a supplemental affidavit. It may be assumed that he has exhausted all the defenses which he believes that he has, and that there are no further facts which can aid him. Nothing is to be gained by allowing another amended affidavit to be filed, and therefore judgment may be entered for the plaintiff in the amount of the claim, with interest; the affidavit and supplemental affidavit being adjudged insufficient.

### In re NEIL.

### No. 30789.

District Court, W. D. Washington, N. D.

May 9, 1930.

Leopold M. Stern, of Seattle, Wash., for trustee.

W. G. Heinly, of Tacoma, Wash., for Pacific States Securities Co., claimant.

NETERER, District Judge (after stating the facts as above).

Section 3788, Rem. Comp. Stat. of Washington, provides that a mortgage of personal property must be recorded in the office of the county auditor of the county in which the mortgaged property is situated, and when such property is thereafter removed from the county, except as to the parties, is exempted from the operation thereof, unless the mortgagee within thirty days after such removal causes the mortgage to be recorded in the county into which the property has been removed.

The mortgage, filed and indexed in Pierce county, was notice to the world of the lien upon the property and upon the filing and indexing of the duplicate original mortgage in the office of the auditor of King county within thirty days after the removal, was like notice of the lien in King county. The contention of the trustee that the expression, "the mortgage," to be recorded in the county into which the property has been removed, can refer only to the original duplicate filed in Pierce county and filing the original duplicate does not continue the lien, cannot obtain. The original duplicate filed in Pierce county must remain on file for the inspection of the public. Section 3781, Rem. Comp. Stat. One original duplicate represents as fully the obligation and the lien as the other, and, no provision appearing for filing a certified copy, the filing of the original duplicate in King county, upon the removal of the property and indexing the same, was sufficient. The lien is complete when the mortgage is filed and indexed in pursuance of the recording act. Section 3782, Rem. Comp. Stat. A paper required by statute to be recorded is, within legal contemplation, recorded when it is filed in the proper office for that purpose. Beverley v. Ellis, 1 Rand. (Va.) 102; see, also, Horsley v. Garth, 2 Grat. (Va.) 471, 44 Am. Dec. 393. The recordation was completed when the chattel mortgage was filed with the auditor (Troy Wagon Co. v. Hutton, 53 W. Va. 154; 44 S. E. 135), and especially within the provision of section 3782, Rem. Comp. Stat. See, also, Hardy v. Houston, 2 N. H. 309. Fairbanks v. Davis, 50 Vt. 251, says a statute requiring liens on personal property to be recorded is satisfied by the filing of the memorandum in the proper office. The mortgagee did all that the statute required and the trustee is bound by the notice thus promulgated. I am assuming the mortgage was filed and indexed in King county pursuant to the recording act, since no point was made at bar in argument, and upon that assumption, the order of the referee is affirmed.