Kelton *v.* Leonard.

―――

SAMUEL S. KELTON, ADMR., *v.* H. C. & E. O. LEONARD AND OTHERS.*

*Partnership.　Note.　Purchase not Payment.　When Supreme Court will not weigh Evidence.　Practice.*

1. A partnership cannot impeach a note signed with its firm name by one of the partners, when its course of business had been such as to induce an honest belief in the mind of the payee, who, a prudent man, and familiar with the manner of conducting its affairs, believed and had a right to believe from his own knowledge of such conduct, that the partner had authority to so sign.
2. The court below found that the plaintiff *purchased* the note and did not *pay* it. If there was any testimony to sustain this finding it is conclusive.

HEARD by the court at the September Term, 1880, Washington County, REDFIELD, J., presiding. Action, assumpsit upon a note. The court found that H. C. & E. O. Leonard were partners when

* Heard at the adjourned General Term, 1882.

Kelton v. Leonard.

the note was given, and had been for several years; that the style of their firm name, as used by them, was sometimes " Leonard Brothers," and sometimes, " H. C. & E. O. Leonard "; that E. O. Leonard executed the note; that he did most of the partnership business in settling with the shop and storekeepers at Barre, where they resided; that he gave receipts and notes in the name of H. C. & E. O. Leonard; that the note was given to W. A. Boyce and sold by him to the plaintiff. It was proved by the testimony of H. C. Leonard that said partners had a mutual understanding that all notes signed for the firm should be signed by the individual partners and not by the firm name; but this was not known to the public, and the public was permitted to deal with them, and all their transactions were conducted ostensibly as each having powers and rights such as ordinarily pertain to such partnerships. The other facts found are sufficiently stated in the opinion.

*Heath & Carleton* and *Boyces*, for the defendants, cited *Morrison v. Moore*, 4 Vt. 271; *Field, Admr.* v. *Randall & Durant*, 51 Vt. 36; 32 N. H. 238; *Collins* v. *Adams*, 53 Vt. 433, and cases cited; 21 Barb. 262; 20 Miss. 625.

*S. C. Shurtleff*, for the plaintiff, cited *Barrett* v. *Flint*, 45 Vt. 43; *Reiley* v. *Taylor*, 13 East, 175: On question of payment: 2 D. Chip. 36; 1 Aik. 31; 15 Vt. 393; 42 Vt. 27.

The opinion of the court was delivered by

ROWELL, J. The court has found as matter of fact, that Boyce, as a prudent man, familiar with the nature and extent of the partnership business, and the manner of conducting the same, believed at the time he took said note, and had a right to believe, that E. O. Leonard had authority to sign the firm name thereto. This belief was generated by a knowledge of the course of the business, the most of which was done by E. O. Leonard. When the course of business is such as to induce an honest belief that a partner, professing to act for the firm, has authority thus to act, it does not lie with the firm to impeach a note given to one having

such belief, and who takes it in faith of the existence of such authority. *Blodgett* v. *Weed*, 119 Mass. 215.

The court found that the plaintiff *purchased* the note and did not *pay* it. We are asked to look into the testimony and *weigh* the evidence on that point. This court will not *weigh* evidence. If there was any evidence to sustain the finding below, that finding is conclusive. On looking into the testimony we find that it not only tended, but was convincing, to show a purchase rather than a payment.

Judgment affirmed.