GEO. W. FOSTER'S ADMR. v. OSCAR A. BURTON.

*Harmless error. Inadmissible testimony not considered.*

1. Where the court, in trying a question of fact, receives inadmissible testimony, the error is cured, if that tribunal in its report of the facts found certifies that it did not consider such testimony. And the same would be true of a commissioner or referee.

2. If there is any evidence tending to support the finding of the court upon a question of fact, such finding will be conclusive. *Held*, that there was such evidence in this case.

This was an action of assumpsit by the administrator of George W. Foster against O. A. Burton to recover of him one-half the amount of certain bills paid by the estate of the said Foster. Plea, the general issue. Trial by court at the April Term, 1889, ROWELL, J., presiding. Judgment for the plaintiff. Exceptions by the defendant.

The court found that in the lifetime of Foster, he and the defendant jointly employed one Burt, and also one Hard, in certain litigation in which Foster and the defendant, with others, were jointly interested, and that the services in question were rendered upon this employment, and that the intestate and defendant were jointly liable therefor; that the whole of both accounts had been paid by the estate; that of Burt upon the allowance of commissioners, and that of Hard upon a judgment of the County Court. On these facts the court gave the plaintiff judgment for one-half the amount paid Burt and one-half the damages recovered by Hard in his suit, with interest.

The defendant excepted to the finding of the court and the judgment thereon, 1st, because there was no evidence tending to show that the intestate was jointly liable in the matter of these accounts with Foster; 2d, because certain evidence was improperly received by the court against his objection. As to the first ground of exception, both Burt and Hard testified that they

were employed by Foster and the defendant jointly, rendered the services upon the strength of this joint employment, and made the charges to the intestate and defendant jointly.

As to the second ground the court found: " That said find-- ings were made upon the testimony that was received without objection and that the testimony received subject to the objec-- tion of the defendant had no influence with us in getting at the findings."

*Farrington & Post*, for the defendant.

The testimony did not tend to show any liability on the part of the defendant. 2 Chit. Con. 1352 ; *Aiken* v. *Kennerson*, 58. Vt. 665.

Certain evidence was improperly admitted, and this error is not cured by the finding of the court that it was not considered. *Phelps* v. *Bellows' Est.*, 53 Vt. 539–41.

*Cross & Start*, for the plaintiff.

The evidence showed a joint employment by Foster and the defendant.

If the testimony excepted to *was* improperly admitted, the error was harmless. *Burrell Admr.* v. *Maloney*, 39 Vt. 579 ; *Nones* v. *Northouse*, 46 Vt. 587 ; *Armstrong* v. *Colby*, 47 Vt. 359.

The opinion of the court was delivered by

Ross, J. I. The defendant contends that there was no evi- dence before the County Court tending to establish that the defendant was jointly liable with the intestate to Mr. Hard for his services. We think that the whole of Mr. Hard's testimony, considered in connection with the manner in which he made his charges, and the testimony of the plaintiff, detailing what the defendant told him about Mr. Hard's account, and perhaps some of the other testimony, fairly had a tendency to show such joint. liability. Whether this court might, or might not, have found therefrom the joint liability established is immaterial. The

parties, by mutual agreement, made the County Court the tribunal to determine the weight which should be given to the testimony, and this court has no power to revise its decision in that respect. This contention is not sustained.

II. It is further contended that the County Court, against the exception of the defendant, received inadmissible testimony. It is unnecessary to determine whether this testimony was, or was not, inadmissible. When the trial is by the court, a commissioner or referee, selected or agreed upon by the parties, it has recently been held by this court, that the reception of inadmissible testimony is not available to the excepting party, when this court has the assurance of such tribunal in its report of the facts found, that its findings were made upon other admissible testimony, without considering the testimony excepted to. The admission of such testimony by such a tribunal, when it states that it has found the facts reported from other admissible testimony, merits consideration different from what it would if the trial were by the jury. In the latter case, the court erroneously admits the testimony and attempts to cure the error by charging the jury to disregard it. It may be doubtful if they can wholly disregard it, after having once received it as proper testimony. This court, at least, has no positive assurance from the jury that each of them has wholly disregarded it. Then from the nature of the tribunal, voluntarily selected by the parties, it must be informed of the nature and character of the testimony offered, to enable it to determine in regard to its admissibility. From such offer the tribunal must receive much the same bias, it would from a reception of the testimony. The doctrine of the court that, in a trial by jury the court cannot receive, against exception, inadmissible testimony, and cure the error by charging the jury to disregard it, does not generally obtain in other jurisdictions and cannot be extended to trials by the court, commissioners or referees, where the tribunal must, in the first instance, be informed of the nature of the testimony to pass upon its admissibility. To sustain such a contention would make the

offer in good faith of inadmissible testimony, in the presence of the jury, even when the testimony was rejected by the court, reversible error, which has never been held by this court. On the statement of the County Court, that it found the facts reported from legitimate testimony, its reception of the testimony, if erroneous, is not reversible error. We have the assurance of that court that the defendant has not been prejudiced, in the least, from its reception.

*The judgment of the County Court is affirmed.*