Spaulding et al *v.* Albin.

MARY H. SPAULDING *et al.* *v.* SUSAN E. ALBIN.

*Evidence.    Wife of deceased husband.    Declarations to show fraud.    Findings of master.*

1.  Bill to vacate a set-off and establish a right of homestead. The oratrix claimed homestead through a former husband, and that the judgment in favor of the defendant against that husband upon which the homestead had been set-off was collusive, in that a certain note had been fraudulently incorporated in it. This note was not signed by the husband, but the defendant insisted in her answer that he had promised to pay it, and had made payments upon it which were endorsed. The master reported that there was "no proof of any kind" before him as to these indorsements. *Held*, that it did not necessarily appear from this that the master failed to consider the answer as evidence, inasmuch as it was the fact of the payments and not the making of the indorsements to which the answer referred.

2.  Although the testimony of the oratrix was received as to the whole case, no error can be affirmed if it appears from the master's report that he did not consider any confidential communications between her and her deceased husband.

3.  The oratrix in connection with other evidence of a fraudulent purpose, was permitted to show the declarations of her former husband. *Held*, no error, for if the declarations were made at the time of and in connection with the transaction they were admissible, and the court would not presume that they were made at any other time.

4.  The husband continued in the possession of the premises after the set-off as before. *Held*, that his declaration, made while so in possession, that he was as much the owner of the farm as before the levy was admissible.

Petition to set aside a levy of execution and establish a right to homestead therein. Heard upon master's report and exceptions by the defendant thereto at the December term, Orange county, 1889. Rowell, Chancellor, overruled the exceptions and decreed for the orators. The defendant appeals.

The oratrix was formerly the wife of William Albin, Jr., who had deceased some years before the bringing of this petition. The orator was the present husband of the oratrix. The defendant was the sister of William Albin, Jr. For several years after her marriage with said William Albin, the oratrix had occupied the premises as a home and had acquired a homestead interest therein. In 1880, she had trouble with her said husband, in consequence of which she left him and began proceedings for divorce. Subsequently these proceedings were discontinued, and she returned to live with her husband upon the premises in dispute, where she continued to reside until his death.

About the time of these divorce proceedings the defendant brought suit against the husband, William Albin, Jr., who suffered judgment to pass in the sum of $2,000. Upon this judgment execution was issued and satisfied by setting off the premises in controversy, including the homestead of the oratrix. William Albin, Jr. continued in the possession and management of the premises to all appearances the same after as before the set-off. The claim of the oratrix was that the judgment was collusive and fraudulent so far at least as her homestead rights were concerned.

The judgment was predicated upon three promissory notes, one dated in 1854, one in 1870, and a third in 1848. No question was made as to the first two. The third was for $172.26 and was signed by William Albin, Sr. The claim of the defendant was that William Albin, Jr. had promised to pay her this note of her father, and had made payments on it from time to time, so that when the suit was brought in 1880 it was a valid obligation against him. This the oratrix denied, maintaining that it was fraudulently incorporated into the judgment, and that but for this she could not have been divested of her homestead. Upon this point the master found :

"I cannot, from any legitimate evidence produced before

Spaulding et al *v.* Albin.

me, find that said William, Jr. ever promised to pay said note of $176.36, but I find that it ought not to have been included in the assessment of damages in said suit of Mary A. and Susan E. Albin against William, Jr., and that it was so used by the plaintiffs and said William, Jr., in collusion, for the fraudulent purpose of depriving the oratrix of her rights in said farm ; that since said levy and set-off, the said farm so set-off has never been redeemed by any one, but remained in the hands of said William, Jr., until his death, without the payment by him of any rent, or for any products of the same, and that as far as anything appears, he treated the same as he would if there had been no such set-off, and that neither said Susan nor Mary A. had ever received any income from said farm up to the death of said William, Jr., and that said William, Jr. never made any payments on said note of $172.36; that there was no proof of any kind before me as to the indorsements which appear upon the back of the notes, and that they are not in the handwriting of said William, Jr.

I therefore find, subject to the opinion of the court, that said judgment of said June term, 1880, was too large by the amount of said $172.36 note, and that if said last named note had not been included in the assessment of damages in that suit, said homestead could not have been set out as aforesaid, and that said note was so included by the said William, Jr., and said Susan E. and Mary A., wrongfully and fraudulently, in collusion with each other, for the purpose of depriving the oratrix of any interest she might have in said farm, and that the orators recover their costs."

The remaining facts sufficiently appear in the opinion.

The decree of the Chancellor was as follows :

" 1.   That the exceptions and the motion to recommit be overruled, and the whole report accepted.

2.   That upon the death of William Albin, former husband to the oratrix, an estate of homestead in that part of the premises in the bill mentioned, consisting of the dwelling house, outbuildings, and land used in connection therewith, to the value of $500, passed to and vested in the oratrix, as she was his widow, notwithstanding the levy of the execution mentioned in the bill, as that was fraudulent and void as to the oratrix in respect of such estate, and therefore the same is set aside and held for naught, as far as such estate is concerned, but no further.

3.   That said estate of homestead be forthwith set out to the oratrix, and James Hutchinson, William H. DuBois and Edson

Spaulding et al *v.* Albin.

Emory of Randolph, are hereby appointed commissioners to set it out; and they will make report of their doings to the court, that such further action may be taken in the matter as may be deemed necessary.

4. That the orators recover their costs of suit to be taxed."

*J. D. Denison* and *J. J. Wilson,* for the orators.

The testimony of the oratrix was properly admitted. No confidential communication from her former husband was considered by the master.

*Smith* v. *Potter,* 27 Vt. 305; *Carpenter* v. *Moor,* 43 Vt. 329; *Stowe* v. *Bishop,* 58 Vt. 498.

The admissions of William Albin, Jr., were competent.

*Jenne* v. *Joslyn,* 47 Vt. 478; *State* v. *Thibeau,* 30 Vt. 100.

*N. S. Boyden* and *Wing & Fay,* for the defendant.

The answer was responsive and the master should have treated it as evidence.

*Blaisdell* v. *Bowers,* 40 Vt. 126; *Grafton Bank* v. *Doe,* 19 Vt. 463; *Rich* v. *Austin,* 40 Vt. 416; 1 Dan. Ch. Pl. & Prac. 483, note.

The declarations of William Albin, Jr., made after he had been divested of his title to the property were not admissible.

*Bullard* v. *Billings,* 2 Vt. 309; *Bracket* v. *Wait,* 6 Vt. 411; *Edgell* v. *Bennett,* 7 Vt. 534; *Sargent* v. *Sargent* 18 Vt. 371; *Halloran* v. *Whitcomb,* 43 Vt. 306.

These declarations were in his own favor, and could only be evidence when made at the time of and in connection with the transaction.

*Warden* v. *Powers,* 37 Vt. 619; *Elkins* v. *Hamilton,* 20 Vt. 627; *Burrows* v. *Stevens,* 39 Vt. 378.

The opinion of the court was delivered by

MUNSON, J. The report of the master entitles the complainants to a decree, unless his findings are vitiated by errors in

the reception and consideration of evidence. The defendant claims that the master's conclusions result from a consideration of evidence improperly received, and from a failure to consider evidence which was properly before him.

The master reports that the indorsements upon the notes described in the bill were not in the handwriting of William Albin, Jr., and that there was "no proof of any kind" before him as to these indorsements. The answer alleges that William Albin, Jr. made payments upon the note in controversy at various times, and acknowledged and treated the note as his own. From these statements of the report and answer the defendant draws the conclusion that the master did not use the answer as evidence. But in another part of the report the master says that the defendant claimed that William Albin, Jr. made payments on this note from time to time, and produced evidence in support of such claim. It is evident from this that in saying there was no evidence as to these indorsements, the master referred merely to the making of the indorsements, and not to the question of a recognition by payment. So the clause relied upon does not indicate a failure to treat the answer as evidence.

The oratrix was received as a witness upon all the matters in controversy ; but the master reports that he only made use of her testimony to get a history of the case, and distinctly states that he did not make use of confidential communications between the oratrix and her deceased husband. It thus appears that no consideration was given to such part of her testimony as was incompetent. In trials where the admissibility of the testimony must be passed upon by the same tribunal which is to determine the fact, the reception of improper evidence is not treated as error when the trier satisfies the court that no use was made of it. *Foster's Admr.* v. *Burton,* 62 Vt. 239. The fact that at a certain interview between the husband and wife this note was not mentioned is found from the testimony of the oratrix, but this does not come within the rule of exclusion.

The bill is brought to set aside a certain levy of execution, and to establish a homestead right in the premises levied upon. The claim is that in pursuance of an agreement entered into for the purpose of defrauding the oratrix of her homestead, a suit was brought by the defendant against the oratrix's husband, and a judgment suffered by him, upon a note for which he was not liable. In connection with other evidence tending to establish the common design, the master received evidence of the sayings of the husband in regard to the matters claimed to be fraudulent. If these statements were made while the fraudulent agreement was being carried out, and in furtherance of it, they were admissible against the defendant. As it does not appear but that they were so made, no error can be claimed in this respect.

It appears that the defendant permitted the husband to continue in the occupancy of the premises from the time of the levy until his death, without payment of rent or other recognition of her right. The oratrix was permitted to show that while so in possession her husband repeatedly stated that he was as much the owner of the farm as he was before the levy. This is claimed to have been error, in view of the rule stated in *Brackett* v. *Wait*, 6 Vt. 411, and *Edgell* v. *Bennett*, 7 Vt. 534, that the declarations of a grantor made after the delivery of his deed are not to be received to prove it fraudulent. But a modification of this rule has been recognized in regard to declarations made in connection with a possession of the character shown here. In *Pomeroy* v. *Bailey*, 43 N. H. 118, the plaintiff claimed under an extent of execution against one Hannah Dow; and the defendant contended that the plaintiff was not a creditor of Dow, but that the claim upon which he had obtained judgment was fictitious, and gotten up by collusion between the parties to defeat the conveyance under which the defendant claimed. The plaintiff had permitted the debtor to remain in possession of the land levied upon, and evidence was admitted of a statement made by the debtor while so in possession, that she was to have the use of the property

during her life. The court held the evidence proper, as bearing upon the question of the validity of the transaction. In *Redfield* v. *Buck*, 35 Conn. 328, the plaintiff claimed title under a levy of execution, and the defendant under a prior deed from the execution debtor. After the delivery of this deed the grantor occupied and managed the property the same as before, and the plaintiff was allowed to show that during such subsequent occupancy he had offered to sell the property as his own. It was held that this evidence was properly received, as characterizing the possession and management of the property, and tending to show that the grantor remained the real owner notwithstanding his deed.

The rule which must govern here is apparent from the above cases. Declarations made under these circumstances, although in disparagement of the title given by the declarant, are received to characterize his continued possession. And we see no reason why one who, upon taking the title to real estate, leaves the former owner in the complete control and enjoyment which ordinarily accompany ownership, should not be required to meet in evidence, when the validity of the transfer is questioned, the declarations made in connection with, and in characterization of, the possession thus permitted.

*Decree affirmed and cause remanded.*

Royce, Ch. J., did not sit because of illness.