## AMANDA FARRAR *v.*CHARLES J. BELL.

January Term, 1901.

Present: ROWELL, TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed September 21, 1901.

*Duty of pound-keeper to advertise cattle impounded under V. S. 4780*—If one claiming to act under V. S. 4780, impounds cattle, it is the duty of the pound-keeper, within 24 hours after the impounding, to advertise them, whether the impounding was lawful or unlawful.

*Duty of pound-keeper to advertise cattle is ministerial and may be delegated—Time for advertising not affected by absence of pound-keeper*—The duty of a pound-keeper, under V. S. 4781, to advertise cattle impounded, is ministerial, can be delegated to a servant, and, though the pound-keeper is personally absent and unaware of the impounding, must be performed within the time fixed by the statute, or their detention thereafter is unlawful.

*Wife's ownership of property purchased of her husband without change of possession*—A wife having purchased cattle of her husband, she was the owner so far as he was concerned, and could maintain replevin therefor against a pound-keeper unlawfully detaining them, the rights of others not being in question.

*Qualification of witnesses—Husband when wife is a party—V. S. 1241*— In an action to which a married woman is a party, her husband may testify to acts done by him as her agent.

*Practice—Filing new declaration in an action of replevin*—No error can be predicted upon a ruling permitting a new declaration to be filed in an action of replevin, when it does not appear in what respects the new declaration differed from that embodied in the original writ.

REPLEVIN FOR CATTLE. The issues made by the pleadings appear in the opinion. Trial by jury, Caledonia County, June Term, 1900, *Taft,* C. J., presiding. A verdict was directed for the plaintiff and judgment was rendered upon the verdict. The defendant excepted.

Before trial the court allowed the plaintiff to file a new declaration and overruled a motion to dismiss the same. It

appeared that the plaintiff bought the cattle in question of her husband, Joseph Farrar, by way of exchange, prior to the impounding in question, but that there was no apparent change in the possession of the property after such purchase. The plaintiff's husband was permitted to testify to certain acts which were performed as the agent of his wife. The cattle were in the defendant's possession when they were replevied, but had been advertised for sale, and were taken on the writ of replevin just before the sale was to take place.

*Herbert A. Farnham* and *Dunnett & Slack* for the plaintiff.

*J. P. Lamson* for the defendant.

TYLER, J. Action, replevin for certain cattle; plea, the general issue and notice that the defendant would give in evidence and rely in the trial of the case upon the facts that he was at the time of the impounding of the cattle pound-keeper of the town of Walden; that the cattle were impounded by one Kimball of that town while they were doing damage upon his premises; that they were delivered by Kimball to the defendant as pound-keeper; that at the time the cattle were replevied the defendant was legally detaining them as pound-keeper for the purpose of disposing of them under the statute; that they were the property of Joseph Farrar and were impounded as his, and that they were not the cattle of the plaintiff.

The plea and notice being traversed the legality of the detaining was put in issue, and not merely the question whether or not the defendant was pound-keeper, as claimed by his counsel.

The notice alleges that it would be shown in evidence that the cattle were taken by said Kimball while doing damage. The exceptions state that some of them were found by Kimball in his field, some in his door yard and some in the highway, and that Kimball gave notice to Joseph Farrar that the cattle

were impounded. The first notice, as recited in the defendant's brief, states that the cattle were impounded under V. S. 4780, which relates to animals that are suffered to run at large and requires the pound-keeper, within twenty-four hours, to post a notice of the impounding and of the time and place of the sale, etc. The second notice was evidently given with the idea that the cattle had been taken damage feasant under V. S. 4767, which requires the impounder, within twenty-four hours, to give notice to the owner of the impounding and to appear within twenty-four hours to appoint appraisers to fix the damages. The defendant treats the impounding as having been made June 1st, and the exception must be so construed. *Mattison* v. *Turner,* 70 Vt. 113.

The testimony, which is made a part of the exceptions, shows a demand before the service of the writ.

The court directed a verdict for the plaintiff upon the ground that the defendant as pound-keeper did not advertise the cattle as required by the statute. As Kimball seems to have proceeded under section 4780, it was the duty of the defendant to advertise the cattle although the impounding was unlawful. The case shows that Kimball placed the cattle in the defendant's inclosure on June 1st, that the defendant was absent from home and did not return and learn of the impounding until June 3rd, and that on Monday, June 5th, he advertised the cattle as required by the statute; therefore the question is whether the twenty-four hours should run from the date of impounding or from the time of the defendant's return and knowledge of the facts.

It is the right of the owner of the cattle to have them provided with food and drink while impounded, and it is an implied right that they be kept in an inclosure reasonably safe to protect them from exposure and injury. It is also his right by statute that they be advertised by a notice posted

in a public place, describing them, so that he may learn where they are, pay the damage and reclaim them.

A pound is defined to be a place where animals, subject to be impounded, are to be confined, kept and fed. *Harriman v. Fifield,* 36 Vt. 341. The statute makes it the duty of organized towns to maintain such places, imposes a penalty for neglect to maintain them and requires the election of pound-keepers to receive and care for animals placed therein.

As said by the court in the case just cited, the action of the owner and the impounder is required to be prompt and speedy. "The legal duty of both parties is enforced by a system of penalties, designed for the protection of each. The whole proceeding goes upon the idea that the animals are confined in close legal custody, from which they are to be relieved at the earliest moment after reparation can be made for the damage they have done, and the costs of the proceeding and charges for keeping."

The duties of the pound-keeper under section 4767 are to provide for the animals and post notice of their impounding. He cannot excuse his neglect to provide food and drink for cattle impounded by the fact of his absence from home, for that duty can be performed by a servant, and the same reason should apply to his neglect to advertise. Both are statutory duties the omission of which subjects him to an action for damages. Those duties must be strictly performed. *Chaffee v. Harrington,* 60 Vt. 718.

We think there is no question as to the right of the pound-keeper to delegate authority to a servant. It is the general rule of the common law that where authority is original it may be delegated to be exercised by another; but that delegated authority is not delegable. The governing board, or other department or agent of a municipal corporation, having powers calling for the exercise of discretion and judgment,

cannot delegate the execution of such powers to other depart-ments or persons. It is laid down that the discretionary pow-ers conferred upon public agents are in the nature of a trust, and unless authorized so to do the persons chosen for their execution cannot delegate them. The duties of judges, jus-tices of the peace, sheriffs and clerks of courts, so far as they are judicial and official, cannot be delegated. In general, per-sons authorized by statute to perform discretionary duties, must personally execute the authority. In accordance with this rule it is held that selectmen of a town are bound to exer-cise their personal discretion in discharging the duties of their office and are not permitted to delegate their authority. See 1 Am. & Eng. Ency. of Law, 2nd ed., title agency, 971, where these rules are stated with notes of cases in their support.

The rule is clearly stated in the 1st edition of the work, Vol. 1, p. 461, as follows: "If discretion and judgment are to be exercised either as to times, manner, or feasibility of the exercise of an official function, the body or officer intrusted with the duty to decide must exercise it, and cannot delegate it to any other officer, body or person." But when the duties of a public officer are of a ministerial character only, they may generally be performed by a deputy. 1 Am. & Eng. Ency. of Law, 2nd ed., 976; Throop on Public Offices, §569, 70. It would certainly be difficult to conceive of duties of a public officer more strictly ministerial than were those of the defend-ant in this case. They were to receive, feed and advertise the cattle, and about their performance there was no discretion.

We therefore hold that, as the cattle should have been advertised on the next day after the impounding, they were unlawfully in the defendant's possession when demand was made, and that this action will lie for their recovery.

It appears that the plaintiff purchased the cattle of her husband two months before the impounding, and that she was

the owner of them so far as her husband's rights were concerned, and no other rights are in question here.    *Child* v. *Pearl,* 43 Vt. 228.

It was not error to permit the husband to testify to acts done by him in obtaining a return of the cattle as his wife's agent.    *Pierce* v. *Bradford,* 64 Vt. 219, is full authority on this point.

There is nothing in the exceptions to predicate error in allowing a new declaration to be filed.    For anything that appears it may have been filed to cure a mere formal defect in the original writ, as to the number of cattle impounded, or the date of the distraint.

*A verdict was properly directed for the plaintiff and the judgment must be affirmed.*