GEORGE F. WALSTON *v*. HARRY ALLEN.

October Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed November 6, 1909.

*Reception of Evidence—Harmless Error—Objections to Evidence—Form—Husband and Wife—Gifts to Wife—Validity.*

In trials by the court, the reception of improper evidence is not treated as error where it appears that no use was made thereof; and the statement that it was stricken out is equivalent to a statement that it was not considered.

A general objection to a question asked a witness goes only to the competency of the evidence, and not to that of the witness.

Notwithstanding the exception in P. S. 3040, providing that all personal property acquired by a woman before or during coverature, except by gift from her husband, shall be held to her sole and separate use, a husband may confer on his wife full title to personal property by sale, gift, or waiver of his marital rights, unless the transaction is impeachable by creditors on the ground of fraud.

Where a wife acquired good title to a horse by gift from her husband, one to whom she sold it acquired good title thereto as against the husband.

REPLEVIN. Plea, the general issue. Trial by court at the December Term, 1908, Addison County, *Butler*, J., presiding. Judgment for the defendant. The plaintiff excepted. The opinion states the case.

*F. L. Fish* and *F. W. Tuttle* for the plaintiff.

*C. S. Palmer* for the defendant.

A woman may acquire full title to personal property by gift from her husband. *Fletcher* v. *Wakefield,* 75 Vt. 257; *Ross et ux.* v. *Draper,* 55 Vt. 404.

POWERS, J. The horse replevied in this suit was given by the plaintiff to his wife, Lunia C., and ever thereafter treated as her sole and separate property. Later on, when they had trouble and separated, she took the horse and kept and controlled it until she sold and delivered it to the defendant in the fall of 1908. The trial below was by the court, and judgment was rendered for the defendant.

1. Mrs. Walston was allowed to testify to a statement in the nature of an admission made by the plaintiff in her presence to one Butler. But later in the trial, at the defendant's request, this testimony was stricken out. This action cured the error, if any was committed. In this respect it did not stand as it would have had the trial been by jury. For, in trials where the admissibility of evidence must be passed upon by the same tribunal which is to determine the fact, the reception of improper evidence is not treated as error, if the trier satisfies the court that no use was made of it. *Somerset* v. *Glastenbury,* 61 Vt. 449, 17 Atl. 748; *Foster's Admr.* v. *Burton,* 62 Vt. 239, 20 Atl. 326; *Spaulding* v. *Albin,* 63 Vt. 148, 21 Atl. 530. And the trier has satisfied us that it made no use of the evidence referred to, for the statement that it was stricken out is equivalent to a statement that it was not considered.

2. The second exception relates to the testimony of Mrs. Walston given when she was on the stand as a witness for the defendant regarding the check which was given in payment for the horse when it was bought of Mr. Dyer. We quote from the record:

Q. Where did you get the check? A. George gave it to me.

Q. Did you send it in a letter yourself? A. I did.

Q. To Dyer? A. Yes.

Q. Was the giving of that check to you by virtue of any agreement or promise on George's part concerning the horse?

Mr. Fish: We object.

Court: It may be admitted and the plaintiff allowed an exception.

A. Yes, it was.

It is now urged as the only ground of error, that the wife was not a competent witness to give this testimony, because it required her, in effect, to testify to a conversation with her husband,—which the statute does not allow. But this question is

not before us. It does not appear that it was passed upon below, and the rule is that a general objection like this goes to the competency of the evidence merely, and not to that of the witness. *Watriss* v. *Trendall,* 74 Vt. at p. 57, 52 Atl. 188; *Parker* v. *Mc-Kannon Bros. & Co.,* 76 Vt. at p. 103, 56 Atl. 536; *Stevens* v. *Brennan,* 79 N. Y. 254; *Brown* v. *Brown,* 77 Neb. 125, 108 N. W. 180.

3. Mrs. Walston acquired good title to the horse by the gift from her husband,—and consequently conveyed good title to the defendant when she sold to him,—notwithstanding the exception made in the statute (P. S. 3040) of property acquired by a married woman in this way. Whatever may be the law of other jurisdictions, it has long been established in this State that a husband may confer upon his wife full title to personal property by sale, gift, or waiver of his marital rights—unless the transaction is impeachable by creditors on the ground of fraud. *Child* v. *Pearl,* 43 Vt. 224; *Bent* v. *Bent,* 44 Vt. 555; *Spooner* v. *Reynolds,* 50 Vt. 437; *Hayward* v. *Clark,* 50 Vt. 612; *Leavitt* v. *Jones,* 54 Vt. 423, 41 Am. Rep. 849; *Farrar* v. *Bell,* 73 Vt. 342, 50 Atl. 1107; *Fletcher* v. *Wakefield,* 75 Vt. 257, 54 Atl. 1012.

*Judgment affirmed.*