MINNIE E. BLOOMSTRAND *v.* WALDO M. STEVENS ET UX.

May Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ.

Opinion filed October 6, 1931.

*Herbert G. Tupper* for the plaintiffs.

*Hugh H. Henry* and *Ernest E. Moore* for the defendants.

MOULTON, J. The parties own adjoining lots on School Street in the village of Chester. A dispute arose between them as to the dividing line between their respective properties. The plaintiff erected a fence upon what she claimed was the line. The defendants insisted that it was six inches over on their side, and threatened to remove it. Whereupon the plaintiff brought this suit in chancery to restrain the removal and to establish the boundary as she claims it. The defendants have filed a cross-bill, asking to have the fence removed and the boundary established as they claim it to be, and for damages because of the maintenance of the fence since its erection.

After hearing the testimony in support of the allegations of both parties, the chancellor found in favor of the defendants, but awarded no damages. The plaintiff appealed. A bill of exceptions was also filed. The only questions briefed relate to the admission in evidence of certain exhibits and testimony offered by the defendants.

Certified copies of several deeds were received subject to exception by the plaintiff on the ground that they were imma-

terial because they were not in the chain of title of either property involved. It is not necessary, however, to inquire whether this is so. The chancellor has stated that two of the deeds (Exhibits Q and R) were given no weight in arriving at his findings, and so there was no reversible error in receiving them in evidence. *Foster's Admr.* v. *Burton,* 62 Vt. 239, 241, 20 Atl. 326; *Walston* v. *Allen,* 82 Vt. 549, 550, 74 Atl. 225. As to the others (Exhibits S, T, Z, A2, A3, A4) the plaintiff does not point out wherein they had any influence in the determination of the facts. The burden is upon the plaintiff, who is the excepting party, to show that harmful error has been committed. *Higgins* v. *Metzger,* 101 Vt. 285, 296, 143 Atl. 394. If, as claimed, the deeds were not in the chain of title, they were, of course, immaterial and should have been excluded. But immateriality alone is not sufficient to cause a reversal where there is no affirmative showing of prejudice. *In re Wells' Will,* 95 Vt. 16, 23, 113 Atl. 822; *Fletcher* v. *Wakefield,* 75 Vt. 257, 263, 54 Atl. 1012. And there is none here.

The plaintiff insists that the admission of one deed (Exhibit A1) was prejudicial because a finding as to the north line of the plaintiff's property was based upon a measurement contained in it. But while certain measurements predicated upon the landmarks and distances given in this deed are mentioned by the chancellor, it is pointed out that they do not correspond to the line as claimed by either party, and it is apparent that no use of them has been made in determining the location of the boundary. This has been done upon other evidence which the chancellor has specifically mentioned. Therefore, the ruling is not to be treated as error. *Platt, Admr.* v. *Shields & Conant,* 96 Vt. 257, 273, 119 Atl. 520.

The defendant Waldo M. Stevens testified without objection that he had a conversation with L. E. Sherwin, since deceased, who had charge of the Bloomstrand premises, at that time owned by plaintiff's predecessor in title. He was then asked what, if anything, was done by him and Mr. Sherwin with regard to defining the driveway between the buildings upon two properties. Subject to plaintiff's exception upon the ground that, Mr. Sherwin being dead, the witness was incompetent to testify to the acts and conversations which had taken place between them, he answered that they placed a stone on the right-hand side of the driveway. The ground of error urged in this brief

4

is that there was no evidence that the then owners of the Bloom-strand premises, or any subsequent owners, ever had knowledge of the acts of Mr. Sherwin or of the circumstances under which the stone was placed. Since this is not the ground presented on trial, we give it no consideration. *State* v. *Fairbanks,* 101 Vt. 30, 39, 139 Atl. 918, and cases cited. The ground stated in the court below, not being briefed, is waived. *Symes* v. *Fletcher,* 95 Vt. 431, 438, 115 Atl. 502. Where specific objections are made below, the excepting party is confined to them here. *Townshend* v. *Townshend,* 84 Vt. 315, 318, 79 Atl. 388; *Mas-succo* v. *Tomassi,* 80 Vt. 186, 192, 67 Atl. 551.

It is said in the plaintiff's brief that "the defendants were permitted to show by Mrs. Viola Bryant, under plaintiff's excep-tion, that she knew of the stone being placed and that at that time Mr. Sherwin had charge of what is now the Bloomstrand property." No reference to the transcript is given and an examination of the testimony of this witness fails to disclose that any such exception was taken.

 The same witness was asked: "Did you hear any-thing said by Mr. Sherwin about there being a right of way through there (*i.e.,* the driveway at the side of which the stone had been placed)?" Subject to plaintiff's exception that "an agent has no authority to bind the owner by statements regard-ing the boundary line," she answered "yes." Without passing upon the validity of the objection, it is enough to say that, if there was error, prejudice is not made to appear. The subject was not pursued. Just what Mr. Sherwin is claimed to have said with relation to it did not appear in evidence. And further-more the chancellor in receiving the testimony expressed a doubt that he would use it in making a finding. The contrary not appearing, we must presume that he did not. *Lynch's Admr.* v. *Murray, supra; Raithel* v. *Hall, supra.*

Mrs. Bryant was also permitted to testify that Mr. Sherwin said that the barn of the Bloomstrand property was over the line. The objection was, as before, that the owner could not be bound by his statement, and also that since he was dead his testimony was incompetent. The latter objection is not briefed. As to the former, the chancellor, in receiving the evidence, said that in cases tried by the court he usually did not use that which was received over objection. Here again prejudice does not

appear. Although the division line is found to pass through a corner of the barn, this finding is based upon other evidence specifically stated in the findings. It is also found that the barn has been in its present situation for many years, and that the plaintiff owns such land as it occupies on the defendants' side of the line.

Having considered all the questions raised in the case, we take this opportunity to impress upon counsel the necessity of an adherence to Supreme Court rule 8, para. 5, which requires that briefs shall contain specific reference to such parts of the evidence as may be deemed material, giving the page, number of interrogatory and answer, and the name and mark by which any document used in evidence is designated. Inconvenience has been experienced in the preparation of this opinion because of the fact that in the briefs of both parties, except in a few instances, references to the transcript have not been given.

*Decree affirmed.*