A. W. BUTLER, ADMR. v. LENA FAVREAU.

January Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed May 2, 1933.

*Albert W. Butler, pro se.*

*Harold C. Sylvester,* for the defendant.

THOMPSON, J. This is an action of tort for the conversion of certain personal property.. There was a trial by jury and a verdict and judgment for the defendant. The plaintiff excepted to the overruling of his motion to set the verdict aside. The first two grounds of the motion are that the verdict is contrary to the evidence and against the evidence and the weight thereof. These grounds were addressed to the sound discretion of the trial court, as to which the action of the court cannot be disturbed, except for abuse of discretion. *Wellman, Admr.* v. *Wales,* 97 Vt. 245, 249, 122 Atl. 659; *Temple* v. *Atwood,* 99 Vt. 434, 134 Atl. 591; *Porter* v. *Fleming,* 104 Vt. 76, 82, 156 Atl. 903. It is not claimed here that the court withheld or abused its discretion. The third ground of the motion is waived because it is not briefed. *Foss* v. *Sherwood,* 104 Vt. 141, 144, 157 Atl. 834; *Town of Brattleboro* v. *Carpenter,* 104 Vt. 158, 166, 158 Atl. 73.

The other six grounds of the motion involve an interpretation of the evidence, but that is not before us for such purpose. The bill of exceptions makes the transcript controlling only as to the exceptions taken by the plaintiff during the trial to the admission and exclusion of evidence, none of which have been briefed. A transcript which has been referred to for designated purposes will not be considered for other purposes. *Plant* v. *Ahlberg,* 104 Vt. 16, 18, 156 Atl. 535, and cases cited.

The plaintiff has briefed the question that there is no evidence in the case to sustain the verdict; but, as that question was not raised below, it will not be considered here. *Barre Trust Co.* v. *Ladd,* 103 Vt. 392, 416, 154 Atl. 680.

But, even if the transcript was before us on the questions raised by the plaintiff, the result would be the same, as

he has made no reference in his brief to the evidence he deems material, as required by Supreme Court rule 8, par. 5. *Bloomstrand* v. *Stevens,* 104 Vt. 1, 5, 156 Atl. 414. This Court will not search the record to discover reversible error. Error is never presumed; and the burden is on the excepting party to make it appear. *Higgins, Admr.* v. *Metzger,* 101 Vt. 285, 298, 143 Atl. 394; *Conn Boston Co.* v. *Griswold,* 104 Vt. 89, 96, 157 Atl. 57; *Town of Brattleboro* v. *Carpenter,* 104 Vt. 158, 175, 158 Atl. 73; *West Rutland Trust Co.* v. *Houston,* 104 Vt. 204, 209, 158 Atl. 69; *Andrews* v. *Aldrich,* 104 Vt. 235, 237, 158 Atl. 676. The plaintiff has not sustained that burden.

*Judgment affirmed.*