CHARLES H. UTLEY *v.* TOWN SCHOOL DISTRICT OF WOODBURY.

October Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 7, 1939.

*Sumner E. Darling* for the plaintiff.

*Raymond B. Daniels* and *George L. Hunt* for the defendant.

BUTTLES, J.   In this action of trespass *quare clausum* and trover the plaintiff seeks damages for the tearing down and removal of the schoolhouse known as District Number One schoolhouse in Woodbury, which was located on the northerly or northeasterly side of the highway leading from Woodbury Center to West Hill, Cabot, on land to which the plaintiff alleges that he had the legal title in fee.   Defendant's answer was general denial with a plea, as the case was submitted, of license.   Trial was by court, findings of fact were made and filed and judgment rendered for the defendant.   The plaintiff comes to this Court on exceptions to certain findings of fact, to the refusal to comply with certain requests for findings, to the exclusion of certain offered evidence and to the denial of certain motions.

The unchallenged findings set forth that the schoolhouse in question was built in 1853 and used continuously thereafter as a schoolhouse until 1925; that it thereafter remained unoccupied until 1937 when it was taken down and removed by direction of the school directors under authority given them by the voters in town meeting; that the land upon which the schoolhouse was located was a part of lot number 49 of Chamberlain's survey; and that plaintiff's exhibit No. 1, which was made by plaintiff's witness, George E. Colby, is a map purporting to show said lot 49 and some data relative to the surrounding lots.

526

In support of his claim of title to the school lot the plaintiff introduced certain certified copies which are exhibits as follows: exhibit No. 2 of 13 instruments, exhibit No. 3 of 8 instruments, and exhibit No. 4 of 16 instruments. Instrument No. 1 of exhibit 2 is a tax deed from Benjamin Ainsworth, first constable, to Joshua Keniston dated June 4, 1808, which conveys with other property, the whole of lot No. 49 in Chamberlain's survey. By three deeds which are Nos. 2, 3 and 4 of Ex. No. 2 dated in 1806, 1808 and 1809, respectively, Joshua Keniston conveyed to Thomas Trickey (afterwards known as Thomas Harvey) property which is described in each deed as follows: "five acres off the westerly end of lot number 50 in the first division of said town * * * also forty-five acres off the easterly end of lot number 49 in the first division of said town drawn to the original right of Seth Murray, meaning to convey the whole width of said lot so far as to contain the above number of acres." No question is made but that title to this 45 acre piece and to other parts of lot 49 came ultimately, by numerous mesne conveyances, to this plaintiff.

■ ■ It is well settled that the findings which the plaintiff challenges must stand if there is legitimate evidence fairly and reasonably tending to support them. *White River Chair Co.* v. *Conn. River Power Co.,* 105 Vt. 24, 35, 162 Atl. 859; *Houghton* v. *Grimes,* 100 Vt. 99, 105, 135 Atl. 15; *Trask* v. *Walker's Est.,* 100 Vt. 51, 55, 134 Atl. 853; *Town of Bennington* v. *Fillmore and Slade,* 98 Vt. 405, 417, 130 Atl. 137; *Morgan* v. *Morgan,* 82 Vt. 243, 244, 73 Atl. 24, 137 A. S. R. 1006. Conflicting evidence cannot avail the challenger if the findings are so supported, *Village of St. Johnsbury* v. *Cenedalla,* 109 Vt. 174, 181, 194 Atl. 382; *Kelton, Admr.* v. *Leonard,* 54 Vt. 230, 232, since the credibility of witnesses and the weight to be given their testimony are for the determination of the trier. *White River Chair Co.* v. *Conn. Riv. Pr. Co., supra,* p. 40 of 105 Vt.

■ The court found that the lot lines of said lot 49, of the highway (crossing lot 49), of the schoolhouse and school lot with reference to the boundaries of lot 49 and the number of the lots adjacent to lot 49 and their respective boundaries common with lot 49 are shown on the map, Plaintiff's exhibit 1, to which we have referred. Plaintiff briefs an exception to the first part of this finding—which he misquotes slightly. But the exhibit was

offered by the plaintiff as a map of lot 49 in Chamberlain's survey in Woodbury and purports to show all of the things stated in the finding. The witness Colby testified that it is a drafting of a survey that he made to locate the boundaries of lot 49 in the Chamberlain survey; that it is a representation of lot 49 and that "a few of these lines are lines that I used to show the correct lines." The witness testified at length as to the data and methods used in making the survey. The court's findings relative to Plaintiff's exhibit 1 are amply sustained by evidence.

Some eleven pages of argument and discussion in plaintiff's brief apparently boil down to an exception to the finding, in the ninth paragraph of the findings, "that no portion of said schoolhouse lot is included within the bounds of the 45 acre piece." No exception is taken to the finding that the width of said lot (49) was and is 111 rods 8½ feet. Since the lot is rectangular it is apparent from computation that the other dimension would be 64.56+ rods as found by the court. But other evidence in the case indicates a greater distance than that from the easterly boundary of lot 49 to the easterly boundary of the schoolhouse lot, from which it would follow that no part of the schoolhouse lot was included in the 45 acre piece. That there may be other evidence in the record from which the court could have reached a different conclusion is not for our consideration.

The court finds in detail regarding two other parts of lot 49 which were conveyed by Joshua Keniston to grantees who were predecessors in title of the plaintiff. These parcels were the southwesterly and northwesterly portions of lot 49 respectively. With respect to the southwesterly parcel which was conveyed by Plaintiff's 4, instrument 1, and subsequent deeds it is found in par. X of the findings that no part of the land thus conveyed would extend farther northerly than the center of the highway, and that it did not include any portion of the schoolhouse lot. To this finding no exception was taken. With respect to the northwesterly parcel which was conveyed by the fifth instrument of Plaintiff's exhibit 2 on March 19, 1825, and subsequent deeds the court finds in paragraph XI: "on said plan (Plaintiff's Ex. 1) that the easterly line of the above described lot touches the southwesterly corner of said school lot and that said plan in this respect is substantially correct. We find that no portion of the school lot is included within the boundaries of the

528

description in said deed of March 19, 1825.'' This paragraph also states: ''We find no other instruments in any of the exhibits executed by Joshua Keniston (or Kenaston) purporting to transfer any other portion of lot 49, than as hereinbefore set forth.'' To neither of these statements does the plaintiff save an exception.

By paragraph XIII the court finds that ''In addition to those instruments specifically mentioned herein, we have carefully examined all of the instruments introduced by the plaintiff in support of his claim of title, and we are unable to find that any of them cover any portion of said school lot.'' Plaintiff excepts to this finding but does not call our attention to any such additional instrument covering any portion of the school lot. As we have often said, this Court will not search the record for grounds upon which to predicate error. *Andrews* v. *Aldrich*, 104 Vt. 235, 237, 158 Atl. 676; *Butler, Admr.* v. *Favreau*, 105 Vt. 382, 384, 166 Atl. 1; *Gould* v. *Gould*, 110 Vt. 324, 331, 6 Atl. (2d) 24.

By paragraph XV the court finds that plaintiff has failed to show by the burden of proof required that at the time the schoolhouse was torn down and removed from said school lot he then had title or right either to said schoolhouse or to the said schoolhouse lot, to which finding the plaintiff excepts. The weight of evidence being for the court's determination and there being evidence tending to show that the schoolhouse was not on any of the land to which the plaintiff attempted to prove title, this finding cannot be assailed so far as it relates to title by record. Plaintiff here contends that he had shown right to the schoolhouse lot by adverse possession. But he does not call our attention to evidence which would justify the finding of such right. We have said that when the purpose of the brief is to sustain exceptions we would refuse to consider the questions attempted to be raised unless the brief complies with paragraph 5 of Supreme Court rule 8 which requires that briefs shall contain specific reference to such parts of the evidence as may be deemed material, giving the page, number of interrogatory and answer, and the name and mark by which any document used in evidence is designated. *Dunn* v. *Williams et al.*, 107 Vt. 447, 453, 181 Atl. 131; *Bloomstrand* v. *Stevens*, 104 Vt. 1, 5, 156 Atl. 414; *Travelers Ins. Co.* v. *Evans*, 101 Vt. 250, 258, 143 Atl. 290.

■ The plaintiff "objects" to the findings of the court in paragraphs VI, VII and VIII that certain specified instruments contained in plaintiff's exhibits 2, 3 and 4 are defective as to their execution, the defect being specified in each instance. That the findings are correct is apparent from an inspection of the exhibits, which are certified copies of the record of certain conveyances of real estate. In language which is unwarranted and highly improper plaintiff's attorney charges the court with finding facts which it knew to be untrue. The court certifies in effect, in paragraph XVI, that its inability to find title to the school lot in Thomas (Trickey) Harvey and in the plaintiff would be unaffected by the validity or invalidity of those instruments which are unsealed or unsealed except for the letters "L. S." after the signature of the grantor. This statement, which we later refer to again, is accepted as correct since it is consistent with the court's conclusion and with the findings by which that conclusion is supported. *Platt's Admx.* v. *Shields and Conant*, 96 Vt. 257, 273, 119 Atl. 520; *Foster's Admr.* v. *Burton*, 62 Vt. 239, 241, 20 Atl. 326.

■ In the view we take of the case the statement in paragraph XIV that the court is unable to find that there was an oral dedication of the school lot becomes immaterial and it is unnecessary to consider the plaintiff's exception thereto. The same is true of the finding as to value of the schoolhouse and certain other findings pertaining to the schoolhouse and plaintiff's exceptions thereto.

■ After tentative findings of fact had been submitted by the court the plaintiff filed thirty-four requests to find and attempted to except to the court's failure to find twenty-six of them. This he did only by the statement: "The plaintiff excepts to the failure of the court to find" followed by a recital of each numbered request to which the exception relates. No reason is stated for compliance with any one of these requests and the request is often stated in the exception in different and much more abbreviated language than in the requests as filed. In *Platt's Admx.* v. *Shields and Conant*, 96 Vt. 257, 266, 119 Atl. 520, 524, this Court said of an exception similarly taken with respect to 17 requests for further findings: "Such a general exception reserves nothing for review. * * * Under such an exception it is not necessary for the appellate court to examine

the requests to see if any one was properly denied. The exception is too general to require any attention whatever." See, also, *Susena* v. *Recor*, 103 Vt. 447, 449, 156 Atl. 416; *Kennedy* v. *Robinson*, 104 Vt. 374, 379, 160 Atl. 170.

The plaintiff has briefed several exceptions to the exclusion of offered evidence. The first, fifth and sixth such exceptions were to the exclusion of questions relative to the value of the schoolhouse. These questions became immaterial since from the court's finding, supported by legitimate evidence, that the plaintiff failed to prove title it follows that he could recover no damages.

The second and third such exceptions are to the exclusion of an offer to show an admission in each case of an alleged former owner—presumably deceased—to the effect that declarant owned that land except for school purposes and that it would revert to the farm when the district ceased to use it for school purposes. Suffice it to say that the offered declarations were self serving as to the declarant's ownership of the land and a reversion therein, and as to the right of the district to use the land for school purposes the declarations are immaterial, since that right is not questioned.

The fourth such exception was to the exclusion of a document marked "Plaintiff's No. 9" which was a statement of the town clerk of Woodbury as to what appeared in the grand list books of the town relative to the listing of property in District No. 1. This document was offered for the purpose of establishing that all of lot 49 was listed to the plaintiff, since land of undetermined acreage in that lot was set to him and no land in that lot was set to anyone else. The exclusion of the offer was proper since for aught that was made to appear there might be land in lot 49 which was not set to anyone.

The case was heard below on October 19 and 20, 1938, and the evidence closed. Tentative findings were filed and on December 16th thereafter plaintiff filed a motion that the court order the letters "L. S." to be placed opposite the signatures of the grantors appearing on the tenth instrument in plaintiff's exhibit two and the second instrument in plaintiff's exhibit four. On January 6, 1939, plaintiff filed a motion that he be allowed to substitute new and corrected certified copies for the two instruments referred to in his prior motion for the purpose of

showing that the record indicates the presence of the letters "L. S." after the signature of each grantor.

To the denial of each of these motions the plaintiff has briefed an exception, being numbers seven and eight of his exceptions to the exclusion of evidence. But the certificate of the court under paragraph 16 to which we have referred shows that the conclusion reached by the court would have been unchanged had the motions or either of them been granted. Furthermore the defects in the execution of both of these instruments were called to the attention of plaintiff's attorney before the evidence was closed on October 20th but he did not then seek an opportunity for further verification of the exhibits and did nothing about correcting any errors that there might be therein until his motion was filed on December 16th. Clearly there was no abuse of discretion in the denial of his motions.

Further discussion of questions attempted to be raised by the plaintiff's brief is unnecessary since it appears that the court's conclusion is supported by its findings, the findings are supported by legitimate evidence and no evidence was improperly excluded which might have produced a different result.

*Judgment affirmed.*